Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
Bennett Kaspar (Bar No. 301040)
bennett.kaspar@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494

Robert A. Burgoyne (Admitted *Pro Hac Vice*)
robert.burgoyne@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street, NW
Washington, D.C.  20001
Telephone:  (202) 662-0200
Facsimile:   (202) 662-4643

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PROMETRIC INC., a Delaware corporation; NATIONAL BOARD OF MEDICAL EXAMINERS, a Pennsylvania non-profit corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  8:15-cv-00798-DOC-JC<br><br>**DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' ANSWER TO COMPLAINT** |

Defendant National Board of Medical Examiners ("NBME") hereby responds as follows to plaintiff Brian Petrie's Complaint for Damages and Declaratory Relief (filed 5/22/15), using the same paragraph numbering and headings that are found in the Complaint for ease of reference:

# INTRODUCTION

1. NBME is without sufficient information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies those allegations.

2. NBME is without sufficient information to form a belief as to the truth of the allegations in the first sentence of paragraph 2 of the Complaint and therefore denies those allegations. NBME admits that it granted Mr. Petrie accommodations for each of the USMLE Step examinations for which he requested accommodations, and that the USMLE Step examinations in question are administered by defendant Prometric, Inc. ("Prometric"), as a vendor to NBME. NBME denies the remaining allegations in paragraph 2.

3. NBME denies the allegations in the first sentence of paragraph 3 of the Complaint. NBME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

4. NBME is without sufficient information to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations, except that NBME admits that Mr. Petrie did not achieve a passing score when he took the USMLE Step 2 CK examination with accommodations over a period of two days on May 25, 2013 and May 28, 2013.

5. NBME denies the allegations in the first three sentences of paragraph 5 of the Complaint. NBME admits that Mr. Petrie took the USMLE Step 2 examination again in January 2014, and that he achieved a passing score, but it is without sufficient information to form a belief as to the truth of the remaining allegations in the final sentence of paragraph 5 and therefore denies those allegations.

6. NBME denies the allegations in paragraph 6 of the Complaint.

7. NBME admits that Mr. Petrie has filed this action and that he has asserted claims under the Americans with Disabilities Act ("ADA") and the Unruh

1  Civil Rights Act ("Unruh Act"), as well as various common law claims, as alleged
2  in paragraph 7 of the Complaint. NBME denies that there have been any violations
3  of the ADA or Unruh Act by any defendant, denies that Mr. Petrie has asserted any
4  viable common law claims against any defendant, and denies that Mr. Petrie is
5  entitled to any relief whatsoever in this action.

6        8.      NBME admits that Mr. Petrie seeks declaratory relief and various
7  damages, as alleged in paragraph 8 of the Complaint, but denies that Mr. Petrie is
8  entitled to any relief whatsoever in this action, from any defendant.

9  **JURISDICTION AND VENUE**

10        9.      NBME admits that Mr. Petrie's claims include a claim under the ADA,
11  and that the Court has jurisdiction over complaints asserting such federal claims
12  pursuant to 28 U.S.C. § 1331 to the extent that such claims present a live case or
13  controversy for which relief is available from the Court. NBME denies that there is
14  any live case or controversy between NBME and Mr. Petrie, however, with respect
15  to his claim under Title III of the ADA, and further denies that Mr. Petrie has
16  asserted a viable ADA claim against the NBME. NBME admits that the Court has
17  supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §
18  1367(a), based upon his assertion of a claim under federal law. NBME denies that
19  jurisdiction is conferred upon the Court by 28 U.S.C. §§ 2201 or 2202.

20        10.     NBME admits that venue is proper in the Central District of California
21  under 28 U.S.C. § 1391(b).

22

23  **PARTIES**

24        11.     NBME is without sufficient information to form a belief as to the truth
25  of the allegations in paragraph 11 and therefore denies those allegations.

26        12.     NBME is without sufficient information to form a belief as to the truth
27  of the allegations in paragraph 12 and therefore denies those allegations, except that
28  NBME admits that it has contracted with Prometric to administer computer-based

USMLE Step examinations in California (and in other locations).

13. NBME admits that it is a non-profit corporation incorporated in Washington, D.C. with its headquarters in Pennsylvania, and admits that some components of the USMLE Step examinations are administered nationally in Prometric testing centers pursuant to a contract between NBME and Prometric. NBME denies the remaining allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that it is without sufficient information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations. NBME further denies that any DOE defendant has violated any law for which plaintiff is entitled to relief.

15. NBME denies the allegations in paragraph 15 of the Complaint.

16. NBME denies the allegations in paragraph 16 of the Complaint.

## FIRST CLAIM FOR RELIEF
## TITLE III OF THE ADA

17. The allegations in paragraph 17 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME incorporates by reference its responses, above, to paragraphs 1-16 of the Complaint.

18. The allegations in paragraph 18 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the ADA speaks for itself.

19. The allegations in paragraph 19 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the ADA speaks for itself.

20. The allegations in paragraph 20 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the ADA speaks for itself.

DOCUMENT PREPARED ON RECYCLED PAPER

21. The allegations in paragraph 21 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the ADA speaks for itself.

22. The allegations in paragraph 22 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the ADA speaks for itself.

23. The allegations in paragraph 23 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the ADA speaks for itself.

24. The allegations in paragraph 24 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the ADA regulations speaks for itself.

25. NBME is without sufficient information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies those allegations.

26. NBME denies the allegations in paragraph 26 of the Complaint.

27. NBME denies the allegations in paragraph 27 of the Complaint.

28. NBME denies the allegations in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states a legal conclusion as to which no response is required from NBME. To the extent a response is required, NBME denies the allegation in paragraph 29 as it has been stated by plaintiff.

## SECOND CLAIM FOR RELIEF
### UNRUH CIVIL RIGHTS ACT

30. The allegations in paragraph 30 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME incorporates by reference its responses, above, to paragraphs 1-29 of the Complaint.

31. The allegations in paragraph 31 of the Complaint do not call for a

DOCUMENT PREPARED ON RECYCLED PAPER

response from NBME. To the extent a response is required, NBME states that the language of the Unruh Act speaks for itself.

32. The allegations in paragraph 32 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME states that the language of the Unruh Act speaks for itself.

33. NBME is without sufficient information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies those allegations.

34. Paragraph 34 of the Complaint states a legal conclusion as to which no response is required from NBME. To the extent a response is required, NBME denies the allegation in paragraph 34.

35. NBME denies the allegations in Paragraph 35 of the Complaint.

36. NBME denies the allegations in Paragraph 36 of the Complaint.

## THIRD CLAIM FOR RELIEF
## NEGLIGENCE

37. The allegations in paragraph 37 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME incorporates by reference its responses, above, to paragraphs 1-36 of the Complaint.

38. NBME denies the allegations in paragraph 38 of the Complaint.

39. NBME denies the allegations in paragraph 39 of the Complaint.

40. NBME denies the allegations in paragraph 40 of the Complaint.

41. NBME denies the allegations in paragraph 41 of the Complaint.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

42. The allegations in paragraph 42 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME incorporates by

reference its responses, above, to paragraphs 1-41 of the Complaint.

43. NBME denies the allegations in paragraph 43 of the Complaint.

44. NBME denies the allegations in paragraph 44 of the Complaint.

45. NBME denies the allegations in paragraph 45 of the Complaint.

46. NBME denies the allegations in paragraph 46 of the Complaint.

## FIFTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. The allegations in paragraph 47 of the Complaint do not call for a response from NBME. To the extent a response is required, NBME incorporates by reference its responses, above, to paragraphs 1-46 of the Complaint.

48. NBME denies the allegations in paragraph 48 of the Complaint.

49. NBME denies the allegations in paragraph 49 of the Complaint.

50. NBME denies the allegations in paragraph 50 of the Complaint.

51. NBME denies the allegations in paragraph 51 of the Complaint.

**NBME DENIES ALL ALLEGATIONS IN THE COMPLAINT THAT ARE NOT EXPRESSLY ADMITTED HEREIN.**

## PRAYER FOR RELIEF

NBME denies that plaintiff is entitled to any of the relief requested in his prayer for relief, or to any other relief whatsoever with respect to NBME or any other defendant named in the Complaint.

## NBME's AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, and every cause of action therein, fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over plaintiff's ADA claim on the grounds of mootness.

3. NBME has caused no damage or injury as alleged by plaintiff, and plaintiff's theory of causation is too speculative to permit any recovery.

4. Some or all of plaintiff's claimed damages are too speculative to be recoverable.

5. Plaintiff's tort claims are barred, in whole or in part, by the economic loss rule/doctrine.

6. To the extent that any damages are otherwise recoverable by plaintiff under his third and fourth claims for relief, which NBME denies, those damages are barred, or must be reduced, by plaintiff's contributory or comparative negligence, fault, and want of due care.

7. Plaintiff has failed to mitigate his alleged damages.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because of plaintiff's delay in filing this lawsuit and the attendant prejudice caused to NBME, including the unavailability of potentially relevant evidence.

9. NBME presently has insufficient knowledge or information on which to form a belief as to whether it has additional affirmative defenses available. Accordingly, NBME reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses are applicable.

# PRAYER

Wherefore, NBME prays as follows:

1. That all relief requested in the Complaint be denied, and that judgment be entered in favor of NBME, dismissing all claims with prejudice;

2. That the Court award NBME its costs incurred in defense of this action, including attorneys' fees to the extent that such fees may be recoverable; and

3. That the Court grant NBME such other and further relief as it may deem just and proper.

Dated: August 3, 2015

Respectfully Submitted,

**NORTON ROSE FULBRIGHT US LLP**

By  /s/ Eric Herzog

Attorneys for Defendant National Board of Medical Examiners