Christopher H. Knauf (Bar No. 185180)
ck@goodlaw.biz
Alexandra M. Robertson (Bar No. 298637)
alex@goodlaw.biz
**KNAUF ASSOCIATES**
2001 Wilshire Blvd, Suite 205
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263

*Attorneys for Plaintiff*

David S. Eisen (Bar. No. 100623)
david.eisen@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Tel: (213) 330-8740   Fax: (213) 443-5101

*Attorneys for Defendant Prometric Inc.*

**Additional Counsel Listed on Next Page**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual, | Case No.: 8:15- cv-00798-DOC-JC |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | **[Fed. R. Civ. Proc. 26(f)]** |
| PROMETRIC INC., a Delaware corporation; NATIONAL BOARD OF MEDICAL EXAMINERS, a District of Columbia non-profit corporation; and DOES 1-10, inclusive, | Scheduling Conf.: October 5, 2015 at 8:30 am |
| Defendants. | |

Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
Bennett J. Kaspar (Bar No. 301040)
bennett.kaspar@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Tel:  (213) 892-9200  Fax:  (213) 892-9494

Robert A. Burgoyne (Admitted *Pro Hac Vice*)
robert.burgoyne@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street, NW
Washington, D.C.  20001
Tel: (202) 662-0200  Fax: (202) 662-4643

*Attorneys for Defendant National Board of Medical Examiners*

On September 11, 2015, counsel for Plaintiff Brian Petrie and counsel for Defendants Prometric Inc. and National Board of Medical Examiners ("NBME") conducted the initial meeting of counsel pursuant to Federal Rule of Civil Procedure 26(f). The parties hereby file this Joint Rule 26(f) Report for the Court's consideration.

### (1) *Summary of the Case, Claims and Defenses*

**Plaintiff's statement:**

Dr. Petrie is a young physician with a documented learning disability that substantially impairs his ability to read, but which he is able to overcome by reading aloud to himself. Dr. Petrie successfully graduated from medical school and obtained his medical license with the aid of academic and testing accommodations. Dr. Petrie is currently a medical resident in family practice in Southern California.

While he has successfully achieved these goals, Dr. Petrie did so only after enduring disruptive and distressing testing experiences that delayed his career. During the three-step U.S. Medical Licensing Examinations ("USMLE") administered by NBME and Prometric, Dr. Petrie was granted the accommodations of extended testing time and a separate testing room that would allow him to read the exam aloud to himself. Despite being granted these accommodations, Defendants failed to implement them, instead subjecting Dr. Petrie to an inappropriate and noisy test environment and unwarranted proctor interruptions.

In particular, during Step 2 of the USMLE in May 2013, Defendants' proctor interrupted Dr. Petrie at least twice during his examination, instructing him to keep his voice down and humiliating him by telling him that his voice was being transmitted via microphone and loudspeaker such that the other test-takers could hear him speaking. Dr. Petrie was so humiliated and distressed that he could not

recover during the examination and ultimately failed the exam. As a result of the failed exam, Dr. Petrie could not graduate on time, was required to enroll in at least one additional academic term, and could not apply to residencies during 2013 on an equal footing as his classmates, which substantially delayed the start of his career. This has caused Dr. Petrie substantial emotional distress and financial harm.

Dr. Petrie brings this action against Prometric and NBME for their failure to provide his necessary and reasonable testing accommodations.  He brings claims under Title III of the Americans with Disabilities Act, Unruh Civil Rights Act, as well as common law negligence, negligent supervision and intentional infliction of emotional distress. He seeks reasonable damages, declaratory relief, and his attorneys' fees and costs.

**Defendants' statement:**

Plaintiff has sued two named defendants – NBME and Prometric – as well as unnamed "Doe" defendants, alleging violations of the ADA and California's Unruh Act and three tort claims.  Defendants deny that they have violated any of plaintiff's rights.  His claims are meritless and should be dismissed.

Defendant NBME is a private non-profit corporation whose mission is to protect the health of the public by providing a standardized, state-of-the-art system of assessment for health professionals. Together with the Federation of State Medical Boards of the United States ("FSMB"), another non-profit corporation, NBME has established the USMLE program.  The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

There are three phases of the USMLE, consisting of four examinations

known as "Steps." Step 1 of the USMLE is a multiple-choice examination that assesses understanding and application of basic science concepts important to the practice of medicine. Step 2 CK (Clinical Knowledge) is a multiple-choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science for the provision of patient care under supervision. Step 2 CS uses standardized patients to assess examinees' ability to gather information from patients, perform physical examinations and communicate their findings. Step 3 assesses whether examinees can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine. Students and graduates of allopathic medical schools located in the United States, as well as foreign medical school students and graduates who seek a license to practice medicine in the United States, must pass all steps of the USMLE.

Defendant Prometric is an outside vendor to NBME. Prometric administers the USMLE Step 1, Step 2 CK and Step 3 examinations at locations around the world, including at the test center(s) where plaintiff took his Step 1, Step 2 CK and Step 3 USMLE examinations.

Plaintiff's complaint in this lawsuit relates to his failing performance on the USMLE Step 2 CK examination in May 2013. Plaintiff requested and received the same testing accommodations on that examination that he received when he took (and passed) the USMLE Step 1 examination in September 2010, and when he took (and failed) the Step 2 CK examination in October 2012: "Extended testing time – time and one half," and a "Separate Testing Room."

Plaintiff's failing outcome on the May 2013 Step 2 CK examination cannot be attributed to Defendants' alleged failure to provide the accommodations he requested, because he received those accommodations. Nor can his performance

be attributed to any other wrongful conduct on the part of NBME or Prometric. His complaint asserts no viable claims against any Defendant.

**(2) *Principal Issues***

(a) Whether Plaintiff's claim under Title III of the ADA is moot.

(b) Whether Plaintiff's derivative claim under the Unruh Act, which relies upon the alleged violation of the ADA to establish liability under the ADA, can proceed if his Title III ADA claim is moot.

(c) Whether any Defendant violated Plaintiff's rights under Title III of the ADA and the Unruh Act, assuming either or both of those claims can otherwise proceed.

(d) Whether Plaintiff has properly plead and can prove his negligence claim with respect to any Defendant.

(e) Whether Plaintiff has properly plead and can prove his negligent supervision claim with respect to any Defendant.

(e) Whether Plaintiff has properly plead and can prove his intentional infliction of emotional distress claim with respect to any Defendant.

(f) Whether Plaintiff's tort claims are barred by the economic loss doctrine.

(g) Whether Plaintiff's tort claims, even if otherwise viable, fail because they rely upon a theory of causation that is too speculative to allow any recovery.

(h) Whether Plaintiff's negligence and negligent supervision claims, even if otherwise viable, are barred in whole or in part by Plaintiff's comparative or contributory negligence.

(i) Whether the conduct of any Defendant caused financial harm to Dr. Petrie, if any Defendant is found to have violated any of Plaintiff's rights as alleged in the complaint.

### (3) *Adding Parties and Amending Pleadings*

If appropriately supported by evidence revealed through discovery, Plaintiff intends to amend pleadings to name and allege specific facts relating to Doe Defendants.

### (4) *Issues for Motions*

Other than naming Doe defendants, Plaintiff does not anticipate any motions to add other parties or claims, or to transfer venue. Defendants do not anticipate moving to add parties or claims, or to transfer venue. All parties reserve the right to file dispositive motions as appropriately supported by evidence revealed through discovery.

### (5) *Settlement*

There have been no settlement discussions to date. Plaintiff will submit a settlement demand with his initial disclosures. Pursuant to the Court's Notice to Parties of Court-Directed ADR Program (May 26, 2015), the parties have provided their clients with copies of the Court's ADR Notice and have discussed mediation with their clients. The parties believe that this case is best suited for mediation with a neutral from the Court Mediation Panel, and that the mediation should occur within 30 days of their initial discovery disclosures.

### (6) *Discovery Plan*

#### *Discovery status*

No discovery has occurred thus far. The parties will serve their initial disclosures no later than September 25, 2015, in accordance with Federal Rule of Civil Procedure 26(a)(1)(C). The parties will shortly thereafter initiate standard discovery requests. The parties do not seek any limitations on discovery.

///

///

### Scope of Discovery

The parties intend to conduct standard discovery, including depositions and written discovery requests, by the proposed discovery cut-off date of May 30, 2016. If a party intends to present expert testimony, the parties will conduct discovery relating to such expert testimony by the proposed expert witness discovery cut-off date of July 10, 2016.

### Plaintiff's Statement re Discovery

Plaintiff anticipates serving interrogatories, requests for admission and document requests. Plaintiff anticipates deposing the "persons most knowledgeable" for each named Defendant regarding the facts and issues in this action. Plaintiff reserves the right to depose other witnesses whose identities are currently unknown to Plaintiff.

### Defendants' Statement re Discovery

Defendants anticipate serving interrogatories, requests for admission and document requests. Defendants anticipate deposing the Plaintiff regarding the facts and issues in this action, as well as one or more of the professionals he consulted about his alleged learning disability, one or more individuals with knowledge of his performance in college, and one or more individuals with knowledge of his performance in medical school. Defendants reserve the right to depose other witnesses whose identities are currently unknown to Defendants. The subject matter of Defendants' discovery will include the nature of Plaintiff's alleged disability and any resulting functional limitations; Plaintiff's academic performance in high school, college and/or medical school; and Plaintiff's residency and job applications for post-medical school positions and the responses he received to those applications.

///

*Expert Discovery*

Plaintiff anticipates using expert discovery. Defendants do not believe that this case will call for expert testimony but reserve the right to call upon such testimony if warranted and to participate in discovery of any experts that are identified by any party. The parties do not request changes regarding Rule 26(a) disclosures, limitation to discovery, or timetable at this time.

*Electronically Stored Data*

The parties do not anticipate any issues relating to the discovery or disclosure of electronically stored information.

*Privilege Issues/Protected Information*

The parties are unaware of any issues concerning privileged or protected information at present.

*Changes To Discovery Limits*

The parties agree that no changes are needed in the limitations on discovery imposed under the rules or by local rule, or that this Court should impose other limitations. The parties agree that the Court need not issue any other orders under Rule 26(c) or Rule 16(b).

**(7)** *Trial*

The parties agree that, unless the case is resolved through settlement or on motion, trial will be by jury for an estimated length of 4-6 court days.

**(8)** *Other Issues and Proposed dates*

The parties agree there are no other issues and propose the following litigation deadlines:

    a.    Fact discovery cut-off date of May 30, 2016

    b.    Expert discovery cut-off date of July 10, 2016

    c.    Motion cut-off date of August 29, 2016

  d. Final Pretrial Conference date of October 3, 2016

  e. Trial date of October 18, 2016

**MATTERS UNDER LOCAL RULE 26-1**

**(9)** *Complex Cases*

The parties do not believe that this case should be treated as a "complex case" requiring the adoption of procedures set forth in the Manual For Complex Litigation.

The filer of this document, Plaintiff's counsel Knauf Associates, attests that all other signatories listed below, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

           Respectfully submitted,

Dated: Sept. 18, 2015   KNAUF ASSOCIATES

           */s/ Christopher H. Knauf*

           By: Christopher H. Knauf
           Attorneys for Plaintiff

Dated:  Sept. 18, 2015   WILSON ELSER MOSKOWITZ EDELMAN &
           DICKER LLP

           */s/  David S. Eisen*

           By:  David S. Eisen
           Attorneys for Defendant Prometric Inc.

| | | |
|---|---|---|
| 1 | Dated: Sept. 18, 2015 | NORTON ROSE FULBRIGHT US LLP |
| 2 | | |
| 3 | | */s/ Eric A. Herzog* |
| 4 | | By: Eric A. Herzog |
| 5 | | Attorneys for Defendant National Board of Medical Examiners |