Christopher H. Knauf, State Bar No. 185180
  *ck@goodlaw.biz*
Alexandra Robertson, State Bar No. 298637
  *alex@goodlaw.biz*
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 205
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual; <br><br> Plaintiff, <br> v. <br><br> PROMETRIC INC., a Delaware corporation; NATIONAL BOARD OF MEDICAL EXAMINERS, a Pennsylvania non-profit corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:  8-15-CV-00798-DOC-JC <br><br> **AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** <br><br> 1. Americans with Disabilities Act <br> 2. Unruh Civil Rights Act <br> 3. Negligence <br> 4. Negligent Supervision <br> 5. Intentional Infliction of Emotional Distress |

# INTRODUCTION

Plaintiff BRIAN PETRIE hereby alleges the following facts and submits the following claims for relief against Defendants PROMETRIC INC., NATIONAL BOARD OF MEDICAL EXAMINERS, and DOE Defendants 1 through 10:

1. At the time relevant to this Complaint, Plaintiff Brian Petrie was a medical student at Loma Linda University taking his required board examinations in order to be placed in a residency program.

2. At all times Dr. Petrie has had a learning disability that requires academic and testing accommodations. Dr. Petrie requested, and was granted, necessary accommodations for the three-step U.S. Medical Licensing Examinations ("USMLE") administered nationally by Defendant National Board of Medical Examiners (hereinafter "the Board" or "NBME"), and administered locally by Defendant Prometric Inc.

3. In 2013, during each examination taken by Dr. Petrie, Defendants failed to fully provide Dr. Petrie's agreed upon testing accommodations, consisting of additional time and a separate, quiet room wherein Dr. Petrie would be able to read aloud the exam questions so as not to disturb other test-takers and thereby accommodate his learning disability. While providing the additional time granted, Defendants provided a testing room adjacent to the noisy check-in area where Defendants' staff congregated. The noise substantially distracted Dr. Petrie and he alleges that his performance suffered accordingly.

4. Of particular note, on May 25, 2013, during Step 2 of the USMLE, Defendants' proctor interrupted Dr. Petrie during his examination on at least two occasions, instructing him to keep his voice down. On one occasion, the proctor barged in and humiliated Dr. Petrie by telling him that there was a microphone in his room and his voice was being transmitted by loudspeaker such that the other test-takers could hear him speaking. Dr. Petrie was so disturbed by the proctor's conduct, and the fact that he had unwittingly been speaking to an auditorium of

peers, that he could not recover during the examination and ultimately failed the exam.

5. Dr. Petrie passed two of the three steps of the USMLE, only failing the second step due to the noisy testing room and the proctor interrupting his test-taking. Because of the failed exam, Dr. Petrie could not graduate on time, was required to enroll in at least one additional academic term, and could not apply to residencies during 2013 on an equal footing as his classmates. Additionally, after the May 2013 exam, NBME altered the scoring of the USMLE such that Dr. Petrie had to petition for special circumstances to ensure his retaking was fair and consistent with the May 2013 exam. Dr. Petrie was able to retake the Step 2 exam in January 2014, pass it without incident, and thereafter graduate from Loma Linda University with his Medical Doctorate degree. Dr. Petrie is currently a medical resident in family practice.

6. As a result of the delay in Dr. Petrie completing all three steps of the USMLE, Dr. Petrie lost at least one year of time from his medical residency and medical career. He also incurred additional tuition and other expenses that he would not have incurred but for Defendants' failure to properly implement his testing accommodations in 2013. The poor testing conditions during 2013, particularly the May 2013 examination, and the resulting delay in his career, has caused Dr. Petrie substantial emotional distress and financial harm.

7. As Dr. Petrie continues to pursue his medical career he will be required to take board exams in approximately two years in order to practice family medicine. Upon information and belief, Defendant Prometric administers the family medicine board exams. Dr. Petrie expects to take the exam at Prometric testing facilities.

8. As a result, Dr. Petrie brings this action against Defendants for their violations of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181 *et seq.*)*,* the Unruh Civil Rights Act (Cal. Civil Code § 51 *et seq.*), and common law

1  negligence, negligent supervision, and intentional infliction of emotional distress.

2    9. Mr. Petrie seeks declaratory and injunctive relief, as well as treble his actual damages, consisting of lost income, unnecessary tuition, and additional out of pocket expenses.

## JURISDICTION AND VENUE

  10. As this action arises in part under the Americans with Disabilities Act, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), and has jurisdiction over the claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

  11. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b), as the events at issue occurred in this judicial district.

## PARTIES

  12. At all relevant times, Plaintiff BRIAN PETRIE has had a cognitive impairment that substantially limits his ability to read, process information, and learn.  As such, Mr. Petrie is and has been a person with a disability within the meaning of the Americans with Disabilities Act ("ADA") and California Government Code section 12926.  Mr. Petrie at all times has resided in Orange County, California.

  13. Plaintiff is informed, believes, and based thereon alleges that Defendant PROMETRIC INC. has been a Delaware corporation headquartered in Baltimore, Maryland, contracted with Defendant NBME to administer the USMLE examinations in California.  At all relevant times, Prometric has conducted business continuously and systematically in California itself and through its affiliation with NBME, and has been a "person who owns, leases (or leases to), or operates a place of public accommodation" within the meaning of the ADA (42 U.S.C. §12182), and a "business establishment" within the meaning of the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*).

14.     Plaintiff is informed, believes, and based thereon alleges that Defendant NATIONAL BOARD OF MEDICAL EXAMINERS (NBME) has been a Pennsylvania non-profit corporation that administers the U.S. Medical Licensing Examination (USMLE) nationally.  At all relevant times, NBME has conducted business continuously and systematically in California itself and through its affiliation with Prometric, and has been a "person who owns, leases (or leases to), or operates a place of public accommodation" within the meaning of the ADA (42 U.S.C. §12182), and a "business establishment" within the meaning of the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*).

15.     The identities of Defendants DOES 1 through 10 are unknown at this time.  DOES 1 through 10 are alleged to be in some manner responsible for the violations of law alleged by Plaintiff.  Plaintiff will amend this Complaint when their identities become known.

16.     At all relevant times, all Defendants and each of them, were acting in concert with each other and were the agent, principal, subsidiary, representative, alter ego, officer, employer, employee, manager, director, shareholder, partner, co-conspirator, aider and abettor, and fiduciary in proximately causing the injuries and damages alleged herein.

17.     At all relevant times, all Defendants and each of them were legally responsible to Plaintiff for each of their co-defendants' wrongs, acts, and omissions alleged herein as though they had each committed each act themselves, and at all times authorized, directed, and ratified the acts and omissions of each remaining defendant.

### FIRST CLAIM FOR RELIEF
**TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12181 *et seq*.**
**By Plaintiff Against All Defendants**

18.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

19. Congress enacted the Americans with Disabilities Act upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. §12101(a)(2).

20. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1)-(2).

21. Title III of the ADA provides in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. §12182(a).

22. The ADA further provides that "it shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

23. Discrimination under the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . ." 42 U.S.C. § 12182(b)(2)(A)(iii).

24. The ADA further prohibits "a failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileged, advantages, or accommodations

to individuals with disabilities…" 42 U.S.C. § 12182(b)(2)(A)(ii).

25. The federal regulations implementing Title III of the ADA provide: "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." 28 C.F.R. § 36.211 (2010).

26. At all relevant times, Mr. Petrie has been an individual with a disability within the meaning of the ADA.

27. Defendants' USMLE testing facility (in this case, located in Anaheim, California) is a "place of public accommodation" within the meaning of Title III of the ADA.

28. By denying Mr. Petrie a full and equal opportunity to perform to his potential during each administration of the USMLE, and particularly the May 25, 2013 Step 2 exam, Defendants have violated Title III of the ADA.

29. Plaintiff is entitled to declaratory relief and reasonable attorneys' fees and costs incurred in bringing this action pursuant to 42 U.S.C. §§ 12188(a) and 12205 against all Defendants. As against Defendant Prometric only, Plaintiff if also entitled to injunctive relief to prohibit future violations.

30. As noted in Plaintiff's second claim, a violation of the ADA also constitutes a violation of California state disability rights statutes.

**SECOND CLAIM FOR RELIEF**
**UNRUH CIVIL RIGHTS ACT**
**California Civil Code § 51 *et seq.***
**By Plaintiff Against All Defendants**

31. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

32. California's Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability [or] medical condition, are entitled to the full and equal accommodations,

advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

33. The Unruh Act provides that violations of the Americans with Disabilities Act also constitute violations of the Unruh Act. Cal. Civ. Code § 51(f). As such, Plaintiff's first claim for relief is expressly incorporated as a violation of the Unruh Act.

34. Mr. Petrie at all relevant times has been a person with a disability and/or medical condition within the meaning of the Unruh Act.

35. Defendants' USMLE testing program and testing facility are business establishments within the meaning of the Unruh Act.

36. By virtue of the acts and omissions alleged herein, Defendants have violated the Unruh Act.

37. Plaintiff is entitled to declaratory relief as well as up to three times his actual damages, no less than $4,000 per violation, and reasonable attorneys' fees and costs. Cal. Civ. Code § 52(a). As against Defendant Prometric only, Plaintiff is entitled to injunctive relief to prohibit future violations.

### THIRD CLAIM FOR RELIEF
### NEGLIGENCE
### By Plaintiff Against All Defendants

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. At all relevant times, Defendants owed a duty of due care to Plaintiff.

40. Defendants breached their duty of due care to Plaintiff by failing to ensure that Plaintiff, who was entitled to receive agreed upon testing accommodations due to a disability, received those accommodations in full and without incident.

41. Defendants' breach of duty proximately caused, and was a substantial factor in causing, Plaintiff to perform below his full potential on all steps of the

USMLE exam, and from passing the Step 2 exam in May 2013, and thereby caused him financial harm and substantial emotional distress. Such damages were reasonably foreseeable to Defendants.

42. By virtue of Defendants' acts and omissions as alleged herein, Plaintiffs are entitled to an award of compensatory damages in an amount according to proof.

### FOURTH CLAIM FOR RELIEF
### NEGLIGENT SUPERVISION
### By Plaintiff Against All Defendants

43. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

44. At all relevant times, Defendants owed a duty of due care to Plaintiff to properly train and supervise all contractors, employees, and agents involved in administering the USMLE. Part of Defendants' duty consists of ensuring that persons such as Plaintiff, who are entitled to receive agreed upon testing accommodations due to a disability, receive those accommodations in full and without incident.

45. Defendants breached their duty of due care to Plaintiff by failing to properly train and supervise their contractors, employees, and agents responsible for administering Plaintiff's three USMLE examinations, and particularly the May 25, 2013 examination resulting in unnecessary and humiliating interruptions.

46. Defendants' breach of duty proximately caused, and was a substantial factor in causing, Plaintiff to perform below his full potential on all steps of the USMLE exam, and from passing the Step 2 exam in May 2013, and thereby caused him financial harm and substantial emotional distress. Such damages were reasonably foreseeable to Defendants.

47. By virtue of Defendants' acts and omissions as alleged herein, Plaintiffs are entitled to an award of compensatory damages, in an amount according to proof.

# FIFTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### By Plaintiff Against All Defendants

48. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

49. Defendants' acts, in callously interrupting and humiliating Plaintiff during the May 25, 2013 examination, one of the most important examinations in Plaintiff's life, as a result of Plaintiff having a disability, constitute extreme and outrageous behavior.

50. At all times mentioned herein, Defendants' acts were done with reckless disregard to the probability of causing Plaintiff to suffer humiliation, anger, and emotional distress.

51. As a direct and proximate result of Defendants' acts, Plaintiff has suffered significant emotional distress in an amount according to proof.

52. Plaintiff is entitled to actual and exemplary damages according to proof.

# PRAYER FOR RELIEF

Plaintiff hereby prays for judgment against Defendants according to proof on all claims for relief, as follows:

1. For a declaration that Defendants' conduct as alleged herein violated the Americans with Disabilities Act and Unruh Civil Rights Act;
2. For an order requiring Defendant Prometric to take adequate steps to ensure that approved testing accommodations are properly implemented in Dr. Petrie's future exams;
3. Treble actual damages, pursuant to Cal. Civ. Code § 52(a);
4. Exemplary damages as permitted by law and according to proof;
5. Attorneys' fees and costs of suit, pursuant to 42 U.S.C. § 12188, 42 U.S.C. § 12205, California Civil Code § 52.1, and California Code of Civil Procedure § 1021.5; and
6. For other just and proper relief as the Court may order.

Dated:  December   7, 2015			KNAUF ASSOCIATES

						*/s/ Christopher H. Knauf*
						_____
						Christopher H. Knauf
						Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial.

Dated:  December 7, 2015			KNAUF ASSOCIATES

						*/s/ Christopher H. Knauf*
						_____
						Christopher H. Knauf
						Attorneys for Plaintiff