1  David S. Eisen (State Bar No. 100623)
   David.Eisen@wilsonelser.com
2  Josephine C. Lee-Nozaki (State Bar No. 247384)
   Josephine.Lee-Nozaki@wilsonelser.com
3  **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
4  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
5  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101

Attorneys for Defendant,
PROMETRIC INC., a Delaware corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>PROMETRIC INC., a Delaware corporation; NATIONAL BOARD OF MEDICAL EXAMINERS, a Pennsylvania non-profit corporation; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. 8:15-cv-00798-DOC-JC<br><br>**DEFENDANT PROMETRIC INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:   January 4, 2016<br>Time:  8:30 a.m.<br>Place:  Room 9D, Santa Ana<br><br>Pre-Trial: September 13, 2016<br>Trial:     September 27, 2016 |

1

DEFENDANT PROMETRIC INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

2370285v.2                                                                              8:15-cv-00798-DOC-JC

## I. INTRODUCTION

Plaintiff Brian Petrie's Motion for Leave to File an Amended Complaint ("Motion") seeks to add one speculative "fact" on information and belief, plus one injunctive remedy regarding a hypothetical event which could not happen until after this case is over, if at all, and at some unspecified place. The proposed amendment contradicts the existing complaint, which itself demonstrates that no future injunctive relief is necessary. Defendant Prometric Inc. ("Prometric"), the only party against whom the remedy is sought, therefore opposes the premature, unnecessary, poorly thought-out and futile Motion which, even if granted, could not result in a binding order against Prometric anyway.

## II. ARGUMENT

Although Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," the leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Rather, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party..., [and] futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

Plaintiff's Motion should be denied as futile. Leave to amend "is properly denied...if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)); *see, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (denying leave to amend where amendment would be futile); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (denying leave to amend where the "potential amended claim would still be barred by the statute of

limitations"). Futility is found when amendments do not adequately plead a cause of action and could not survive dismissal. *See, e.g., Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1482 (9th Cir. 1997), *aff'd,* 525 U.S. 299 (1999) (amendment futile where it would be preempted by federal law), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Futility also "includes the inevitability of a claim's defeat on summary judgment." *California ex rel. California Dep't of Toxic Substances Control v. Neville Chem. Co.,* 358 F.3d 661, 673 (9th Cir. 2004) (quoting *Johnson v. Amer. Airlines, Inc.,* 834 F.2d 721, 724 (9th Cir. 1987)); *see also Roth v. Garcia Marquez,* 942 F.2d 617, 628-629 (9th Cir. 1991).

Here, the Court should exercise its discretion to deny Plaintiff's Motion because Plaintiff's proposed claim for prospective injunctive relief against Prometric is not and cannot be adequately pleaded to survive dismissal on the ground that Plaintiff lacks standing. Plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000). The burden is on "the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *United States v. Hays,* 515 U.S. 737, 743 (1995) (internal quotations omitted). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, supra,* at 180-81. Those who do not have Article III standing may not litigate in federal court. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 475-76 (1982). "Standing is determined by the facts that exist at the time the complaint is filed." *Clark v. City of Lakewood,* 259 F.3d 996, 1006 (9th Cir.

2001) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 569 n.4 (1992) (plurality op.).

In seeking the prospective injunctive relief against Prometric, Plaintiff must show a credible threat of recurrent injury directly to himself. *LaDuke v. Nelson,* 762 F.2d 1318, 1323 (9th Cir. 1985); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983) ("[plaintiff's] standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of chokeholds by police officers."). "[P]laintiffs must demonstrate that a 'credible threat' exists that they will again be subject to the specific injury for which they are seek injunctive or declaratory relief...There must be a 'demonstrated probability' that plaintiff will again be among those injured." *Sample v. Johnson,* 771 F.2d 1335, 1340 (9th Cir. 1985) citing *Kolender v. Lawson,* 461 U.S. 352, 355 n.3 (1983) and *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (per curiam)).

Plaintiff does not and cannot establish any facts that he will be injured in the future by Prometric. Instead, Plaintiff's proposed prayer for injunctive relief against Petrie is based entirely speculation about a hypothetical future scenario. Indeed, *Plaintiff's counsel* says he learned of *Plaintiff's concern* that Plaintiff may use Prometric's test center facilities when taking his family medicine board exams some *two years from now.* (Dkt. 27, page 4, lines 5-7). In fact, the total of Plaintiff's new factual allegations to support his proposed prayer for injunctive relief against Petrie is: "As Dr. Petrie continues to pursue his medical career he will be required to take board exams in approximately two years in order to practice family medicine. Upon information and belief, Defendant Prometric administers the family medicine board exams. Dr. Petrie expects to take the exam at Prometric testing facilities." (Dkt. 27-3, page 3, lines 22-26).

Plaintiff fails to establish any facts that support his contention that future injury is imminent or probable. "An award of prospective injunctive relief requires the plaintiff to demonstrate a reasonable likelihood of *future* injury." *Bank of Lake*

4

DEFENDANT PROMETRIC INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

2370285v.2                                                                 8:15-cv-00798-DOC-JC

*Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003) (emphasis added); *see also O'Shea v. Littleton,* 414 U.S. 488, 496-98 (1974) (finding no standing because plaintiffs could not establish that they would again violate the law, be charged, held to answer, and tried in allegedly unlawful proceedings); *Kruse v. State of Hawai'i,* 68 F.3d 331, 335 (9th Cir. 1995) (holding plaintiff lacked standing to seek injunctive relief because she failed to show a sufficient likelihood that defendant would violate any of her rights in the future).

Importantly, the notion that the complaint needs to be amended is belied by the original complaint in this case, which alleges in Paragraph 5 that after the events about which Plaintiff complains, he was able to take and pass his medical examination "without incident." Thus, the very thing that Plaintiff claims requires a mandatory injunction did *not* happen the last time Plaintiff took the exam. Indeed, this alleged harm has apparently occurred only once to Plaintiff, *ever*. His own complaint therefore undercuts the inference of any pattern that might suggest a reasonable likelihood of future injury, without which the requested injunctive relief is unavailable to him. *Lyons, supra,* at 111 ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again…").

Moreover, the prayer for relief Plaintiff wishes to add is impermissibly vague and ambiguous ("adequate steps" to ensure accommodations are "properly implemented"). "[A]n injunction must be narrowly tailored…to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law." *Price v. City of Stockton,* 390 F.3d 1105, 117 (9th Cir. 2004). Here, Plaintiff's general fear of the possible future actions of Prometric is too speculative a reed upon which to rest a claim for injunctive relief. And, not only is the requested injunction relief, therefore, not capable of being enforced (particularly at an unknown place and time and under unknown circumstances), but Prometric could

not comply with it in any event. Prometric merely administers examinations. All instructions regarding accommodations come from Prometric's testing clients (here, defendant National Board of Medical Examiners).

In short, the requested amendment is a nightmare, and does nothing to adjudicate or address the issues present *in this case*. Because Plaintiff cannot demonstrate a reasonable and credible threat of future injury, and thereby cannot establish his Article III standing to pursue the prospective injunctive relief against Prometric, Plaintiff's proposed Amended Complaint would be subject to dismissal. Thus, the Motion is futile and should be denied.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file an Amended Complaint should be denied.

Dated: December 14, 2015

Respectfully submitted,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ David S. Eisen
David S. Eisen
Josephine C. Lee-Nozaki
Attorneys for Defendant
PROMETRIC INC.

6
DEFENDANT PROMETRIC INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

2370285v.2                                                                                        8:15-cv-00798-DOC-JC

# PROOF OF SERVICE

I, Lori McCartan, declare

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entiled action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, CA 90071

On December 14, 2015, I electronically filed the attached document(s): **DEFENDANT PROMETRIC INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| Christopher H. Knauf<br>Alexandra Robertson<br>Knauf Associates<br>2001 Wilshire Blvd., Ste. 205<br>Santa Monica, CA 9040<br>T: (310) 829-4250<br>F: (310) 622-7263<br>Attorneys for Plaintiff | Eric A. Herzog<br>Robert Burgoyne<br>Norton Rose Fulbright US LLP<br>555 S. Flower St., 41st Fl.<br>Los Angeles, CA 90071<br>T: (213) 892-9200<br>F: (213) 892-9494<br>Attorneys for Defendant<br>NATIONAL BOARD OF MEDICAL EXAMINERS |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 14, 2015, at Los Angeles, California.

                                                                             /s/ Lori McCartan

7

DEFENDANT PROMETRIC INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

2370285v.2                                                                                                                                    8:15-cv-00798-DOC-JC