1    Christopher H. Knauf, State Bar No. 185180
2      *ck@goodlaw.biz*
   Alexandra M. Robertson, State Bar No. 298637
3      *alex@goodlaw.biz*
4    KNAUF ASSOCIATES
   2001 Wilshire Blvd, Suite 205
5    Santa Monica, California 90403
6    Tel: (310) 829-4250 Fax: (310) 622-7263
7
   Attorneys for Plaintiff
8

9            UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| BRIAN PETRIE, an individual; | Case No.: 8:15-cv-00798-DOC-JC |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| v. | |
| PROMETRIC INC., a Delaware corporation; NATIONAL BOARD OF MEDICAL EXAMINERS, a District of Columbia non-profit corporation; and DOES 1-1, inclusive, | DATE:      January 4, 2016<br>TIME:      8:30 a.m.<br>PLACE:    Room 9D, Santa Ana |
| Defendants. | Pre-Trial:   September 13, 2016<br>Trial:       September 27, 2016 |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

     Plaintiff, BRIAN PETRIE, respectfully submits this Reply in Support of Plaintiff's Motion for Leave to File an Amended Complaint.

/ / /

/ / /

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3

4

5

6

7

Plaintiff Dr. Brian Petrie seeks to amend his complaint based on a real and credible threat that his civil rights under federal and state disability law are likely to be violated in the future. Despite Defendant Prometric's contention that Dr. Petrie's lacks standing, the facts alleged in the amended complaint are sufficient at the pleading stage such that leave to amend is appropriate in this case.

8

### II.    ARGUMENT

9

10

11

12

13

14

15

16

To establish Article III standing, a plaintiff must show that (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.,* 528 U.S. 167, 180-81 (2000). Here, Defendant Prometric does not dispute the last two elements of causation and redressability, but only that there is not a real threat of future injury.

17

18

19

20

21

22

23

24

A plaintiff must demonstrate a "real and immediate threat of repeated injury" to establish standing for injunctive relief.  *O'Shea v. Littleton,* 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Armstrong v. Davis*, 275 F.3d 849, 860–61 (9th Cir. 2001) (plaintiff must show she is "realistically threatened by a repetition of the violation"). This requires a plaintiff to establish a "reasonable showing" of a "sufficient likelihood" that the plaintiff will be injured again. *Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985), *citing City of Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983).

25

26

An alleged violation of the Americans with Disabilities Act (ADA) that affects the plaintiff in a personal and individual manner is a particularized injury

27

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT

1  sufficient to give rise to an Article III case or controversy. *Pickern v. Holiday*
2  *Quality Foods Inc.,* 293 F.3d 1133, 1137 (9th Cir. 2002); *Parr v. L & L Drive-Inn*
3  *Restaurant*, 96 F.Supp.2d 1065, 1079 (D. Haw. 2000).
4          In *Moeller v. Taco Bell Corp.,* 816 F.Supp.2d 831, 851, 868  (N.D. Cal.
5  2011) the court concluded that plaintiffs had standing based on evidence that they
6  planned to patronize the defendant's restaurant in the future.  The court
7  acknowledged that although it could not be known whether the plaintiffs would
8  encounter barriers to access in return trips, plaintiffs established likelihood that
9  injury would recur by showing defendant repeatedly engaged in injurious action in
10 the past.  *Id.* at 851; *see also Disabled Ams. for Equal Access, Inc. v. Ferries Del*
11 *Caribe, Inc., 405* F.3d 60, 64 (1st Cir. 2005) (granting standing to an ADA plaintiff
12 who had visited a cruise ship on three previous occasions and averred an intent to
13 do so again at some nonspecific future time).
14         Further, courts have held that a single act of past discrimination may be
15 sufficient to establish standing to bring an action under the ADA, as long as
16 plaintiffs "who seek injunctive relief ... demonstrate that they themselves face a
17 real and immediate threat of future harm." *Parr,* 96 F.Supp.2d  at 1079, *citing Delil*
18 *v. El Torito Restaurants, Inc.*, No. C 94–3900–CAL, 1997 WL 714866, at *4
19 (N.D.Cal. June 24, 1997); *Steger v. Franco, Inc.,* 228 F.3d 889, 891-94 (8th Cir.
20 2000) (plaintiff had standing for ADA claim where he had only once attempted to
21 gain access to a restroom); *see also, Dudley v. Hannaford Bros. Co.,* 146 F. Supp.
22 2d 82, 85-86 (D. Me. 2001) *aff'd,* 333 F.3d 299 (1st Cir. 2003) (plaintiff
23 sufficiently alleged actual injury by stating desire to patronize store again).
24         In *Parr,* the District Court concluded that the plaintiff identified an injury is
25 personal him and based in reality that was not theoretical or speculative when the
26 plaintiff faced barriers to access defendant's restaurant. 96 F.Supp.2d  at 1079. The
27
28

1    District Court reasoned that the plaintiff's desire to patronize defendant's

2    restaurant free from discrimination was clearly a cognizable interest for purposes

3    of standing. *Id.* Where the plaintiff demonstrates concrete plans to return, as

4    exhibited by a hotel reservation or an airplane ticket, courts find this suffices to

5    establish "actual or imminent" injury. *Parr*, *supra,* 96 F.Supp.2d  at 1079, citing

6    *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 579 112 S. Ct. 2130, 119 L. Ed. 2d 351

7    (1992) (Kennedy, J., concurring); *Martin v. Hyatt Corporation*, Civ. No. 97–

8    00209SOM, at 7 (D.Haw.1999).

9         Here, Plaintiff Dr. Petrie's proposed amended complaint alleges several past

10   violations: (1) the primary incident when a testing proctor interrupted him and

11   prohibited him speaking aloud in his separate testing room (denying him his

12   approved testing accommodation); and (2) incidents when Defendant failed to

13   provide him with a quiet testing environment on an equal basis as provided other

14   patrons (Dr. Petrie was placed near a noisy lobby area and Defendant did nothing

15   to mitigate the noise).  These incidents of Defendants' alleged discrimination

16   affected Dr. Petrie in a personal and individualized manner by denying him his

17   legally required testing accommodations and denying him the opportunity to take

18   his USMLE exams on an equal playing field as his peers.

19        Dr. Petrie sufficiently alleges a "real and immediate threat" of these injuries

20   being repeated, as Dr. Petrie's proposed amended pleadings demonstrate a

21   "reasonable showing" of a "sufficient likelihood" of future injury.  Similar to an

22   instance where a plaintiff has definite plans to take a flight or stay in a hotel, Dr.

23   Petrie is currently completing his family medicine residency and, barring the

24   unforeseen, will in fact sit for the family medicine board exam within the next two

25   years. Dr. Petrie properly alleges his understanding and belief that Defendant

26   Prometric will administer that exam, such that he is reasonably fearful of a

27

28

-4-
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT

1  repeated failure to implement his ADA testing accommodations.  As such,
2  Plaintiff's proposed amended complaint does establish a realistic threat that the
3  discrimination will recur, and Dr. Petrie meets the Article III standing requirements
4  in this regard.
5      For the foregoing reasons and given the express language of Rule 15(a)(2)
6  and Rule 18 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests
7  the Court grant leave to file his Amended Complaint.
8
9  Dated: December 21, 2015                              KNAUF ASSOCIATES
10                                                       By:  /s/ *Christopher H. Knauf*
11                                                       Attorneys for Plaintiff
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT