**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0798-DOC (JCx)                                Date: January 7, 2016

Title: BRIAN PETRIE V. PROMETRIC INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
          None Present                                                           None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [27]**

Before the Court is Plaintiff Brian Petrie's ("Petrie" or "Plaintiff") Motion for Leave to File Amended Complaint (Dkt. 27). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court hereby GRANTS the Motion.

**I.      Background**

Plaintiff initiated this action against Defendants Prometric Inc. ("Prometric") and National Board of Medical Examiners ("NBME") (collectively, "Defendants") on May 22, 2015 (Dkt. 1). This lawsuit arises from Defendants' alleged failure to provide reasonable testing accommodations during medical board examinations for Petrie, who has a learning disability. *See* Complaint ("Compl.") (Dkt. 1) ¶ 3. Plaintiff specifically alleges (1) violations the Americans with Disabilities Act, (2) violations Unruh Civil Rights Act, (3) negligence, (4) negligent supervision, and (5) intentional infliction of emotional distress. *See generally id*. As listed in the Prayer for Relief, Plaintiff seeks

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0798-DOC (JCx)                                                    Date: January 7, 2016
                                                                                                                    Page 2

declaratory relief for the first two claims, treble actual damages, exemplary damages, and attorney's fees and costs. *Id.* pg. 10.

Plaintiff's counsel states that, through the early discovery process, he learned that his client "intends to take his family medicine board exams within the next two years, and will do so at a testing site administerd by Defendant Prometric Inc." Declaration of Christopher Knauf ("Knauf Decl.") (Dkt. 27-1) ¶ 4. Thus, on December 7, 2015, Plaintiff filed the instant Motion, seeking to amend his Complaint "for the sole purpose of adding a prayer for injunctive relief, and allegations supporting [the] same, against Defendant Prometric Inc. only." Mot. at 3. Plaintiff states that because "the trial date in this matter is nearly one year away, Defendants will not be prejudiced in any way if Plaintiff amends his complaint." *Id.* at 4.

Prometric filed an Opposition on December 14, 2015 (Dkt. 31). Prometric argues Plaintiff's Motion should be denied because the proposed amendment is futile. Opp'n at 2. In particular, Prometric contends that Plaintiff lacks standing to pursue injunctive relief, Opp'n at 3, and argues the language Plaintiff seeks to add to the Prayer for Relief is "impermissibility vague," *id.* at 5. Prometric boldly claims that "the requested amendment is a nightmare." *Id.* at 6.

## II. Legal Standard

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to permit amendments lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *accord Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The most important factor is whether

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0798-DOC (JCx)                                                  Date: January 7, 2016
                                                                                                                    Page 3

amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Futility of amendment can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

"After review of the motion, the proposed first amended complaint, and the filing of the parties, the Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend." *Kozacki v. Nat'l Credit Adjusters, LLC*, No. 13cv1025-WQH-WMC, 2014 WL 1767187, at *2 (S.D. Cal. May 2, 2014). The Court notes that Defendant has neither demonstrated it will be prejudiced by amendment at this early stage nor cited to any case law suggesting that leave to amend should be denied under these particular circumstances (i.e. Plaintiff seeking leave to amend to add injunctive relief to the Prayer for Relief). Further, Defendant has failed to meet the strict futility standard – that is, it has not shown that "no set of facts can be proved" to justify injunctive relief. Finally, Defendant's argument that the proposed language is "impermissibly vague" is unpersuasive; the proposed language is sufficient to put Defendant on notice that Plaintiff plans to pursue injunctive relief, which is all that is required at the pleading stage. If an injunction is ultimately issued down the road, the language will be appropriately tailored.

Because injunctive relief is an available remedy for at least one of Plaintiff's claims, *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (detailing that injunctive relief is available to private plaintiffs under the ADA),[1] the Court GRANTS Plaintiff leave to amend. *See Lovesy v. Armed Forces Benefit Ass'n*, No. C 07-2745 SBA, 2008 WL 4856350, at *3 ("Because injunctive relief is an available remedy under the UCL, Cal Bus. & Prof. Code § 17204, the Court . . . grants Lovesy leave to amend the TAC [third amended complaint] to include a prayer for injunctive relief in connection with his UCL claim."). Accordingly, "[t]he Court will defer consideration of any challenge to the merits of the proposed first amended complaint until after the amended pleading is filed." *Id.* (citing *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

---

[1] The Court notes that injunctive relief is also available for Plaintiff's Unruh Civil Rights Act claim. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 666 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0798-DOC (JCx)                                                  Date: January 7, 2016
                                                                                                                            Page 4

## III.   Disposition

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. Plaintiff shall file the proposed amended complaint **on or before January 19, 2016.**

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                   Initials of Deputy Clerk: djg
CIVIL-GEN