David S. Eisen (State Bar No. 100623)
  David.Eisen@wilsonelser.com
Josephine C. Lee-Nozaki (State Bar No. 247384)
  Josephine.Lee-Nozaki@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant,
PROMETRIC INC., a Delaware corporation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual, | Case No. 8:15-cv-00798-DOC-JC |
| Plaintiff, | |
| v. | **DEFENDANT PROMETRIC INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| PROMETRIC INC., a Delaware corporation; NATIONAL BOARD OF MEDICAL EXAMINERS, a Pennsylvania non-profit corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

Defendant Prometric Inc. ("Prometric"), through its undersigned counsel, responds as follows to Plaintiff Brian Petrie's First Amended Complaint for Damages, Declaratory Relief and Injunctive Relief (filed on January 13, 2016) ("First Amended Complaint"), and admits, denies, and alleges using the same paragraph numbering and headings that are found in the First Amended Complaint as follows:

## INTRODUCTION

1. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the First Amended Complaint and, therefore, denies the allegations of Paragraph 1.

2. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence Paragraph 2 of the First Amended Complaint and, therefore, denies those allegations. Prometric admits that it administered the U. S. Medical Licensing Examination ("USMLE") on behalf of the National Board of Medical Examiners ("NBME"). Prometric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence Paragraph 2 of the First Amended Complaint and, therefore, denies those allegations.

3. Prometric denies the allegations of Paragraph 3 to the extent that they involve Prometric. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 to the extent that they involve other parties and, therefore, denies those allegations.

4. Prometric denies the allegations of Paragraph 4 to the extent that they involve Prometric. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 to the extent that they involve other parties and, therefore, denies those allegations.

5. Prometric denies the allegations of Paragraph 5 to the extent that they involve Prometric. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 to the extent that they involve other parties and, therefore, denies those allegations.

6. Paragraph 6 contains legal conclusions to which no response is required by Prometric. Prometric denies the remaining allegations of Paragraph 6 to the extent that they involve Prometric. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 to the extent that they involve other parties and, therefore, denies those allegations.

7. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

///

8. Paragraph 8 describes plaintiff's judicial First Amended Complaint, a document that speaks for itself, and no response is required. Paragraph 8 otherwise contains legal conclusions to which no response is required by Prometric. Prometric denies that there have been any violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act") by any defendant, denies that plaintiff asserted any viable common law claims against any defendant, and denies that plaintiff is entitled to any relief whatsoever in this action.

9. Paragraph 9 describes the damages sought by plaintiff in plaintiff's judicial First Amended Complaint, a document that speaks for itself, and no response is required. Paragraph 9 otherwise contains legal conclusions to which no response is required by Prometric. Prometric denies that plaintiff is entitled to any relief whatsoever in this action, from any defendant.

## JURISDICTION AND VENUE

10. Prometric admits that plaintiff's claims include a claim under the ADA, and that the Court has jurisdiction over First Amended Complaint asserting such federal claims pursuant to 28 U.S.C. § 1331 to the extent that such claims present a live case or controversy for which relief is available from the Court. Prometric denies that there is any live case or controversy between Prometric and plaintiff, however, with respect to his claim under Title III of the ADA, and further denies that plaintiff has asserted a viable ADA claim against Prometric. Prometric admits that the Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), based upon his assertion of a claim under federal law. Prometric denies that jurisdiction is conferred upon the Court by 28 U.S.C. §§ 2201 or 2202.

11. Prometric admits that venue is proper in the Central District of California under 28 U.S.C. § 1391(b).

## PARTIES

12. Paragraph 12 contains legal conclusions to which no response is required by Prometric. Prometric denies the remaining allegations of Paragraph 12 as

Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13. Prometric admits that Prometric is a Delaware corporation headquartered in Baltimore, Maryland, and that Prometric has contracted with Defendant National Board of Medical Examiners ("NBME") to administer computer-based USMLE Step examinations in California and other locations. Prometric denies the remaining allegations in Paragraph 13 of the First Amended Complaint.

14. Prometric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. The allegations in Paragraph 15 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations. Prometric further denies that any DOE defendant has violated any law for which plaintiff is entitled to relief.

16. Prometric denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Prometric denies the allegations in Paragraph 17 of the First Amended Complaint.

## FIRST CLAIM FOR RELIEF
## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

18. The allegations in Paragraph 18 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric incorporates by reference its response to all previous paragraphs (1-17) of the First Amended Complaint as though fully set forth herein.

19. Paragraph 19 describes the Americans with Disabilities Act, which speaks for itself, and no response is required by Prometric. To the extent that Paragraph 19 attempts to describe Congress's intent in creating the Americans with

1  Disabilities Act, that legislative history speaks for itself, and no response is required
2  by Prometric.

3       20.    Paragraph 20 describes the Americans with Disabilities Act, which
4  speaks for itself, and no response is required by Prometric. To the extent that
5  Paragraph 20 attempts to describe Congress's intent in creating the Americans with
6  Disabilities Act, that legislative history speaks for itself, and no response is required
7  by Prometric.

8       21.    Paragraph 21 describes Title III of the Americans with Disabilities Act,
9  which speaks for itself, and no response is required by Prometric. To the extent that a
10 response is required, Prometric states that the language of the Americans with
11 Disabilities Act speaks for itself.

12      22.    Paragraph 22 describes the Americans with Disabilities Act, which
13 speaks for itself, and no response is required by Prometric. To the extent that a
14 response is required, Prometric states that the language of the Americans with
15 Disabilities Act speaks for itself.

16      23.    Paragraph 23 describes the Americans with Disabilities Act, which
17 speaks for itself, and no response is required by Prometric. To the extent that a
18 response is required, Prometric states that the language of the Americans with
19 Disabilities Act speaks for itself.

20      24.    Paragraph 24 describes the Americans with Disabilities Act, which
21 speaks for itself, and no response is required by Prometric. To the extent that a
22 response is required, Prometric states that the language of the Americans with
23 Disabilities Act speaks for itself.

24      25.    Paragraph 25 describes the federal regulations implementing Title III of
25 the Americans with Disabilities Act, which speaks for itself, and no response is
26 required by Prometric. To the extent that a response is required, Prometric states that
27 the language of the Americans with Disabilities Act speaks for itself.
28 ///

26. Paragraph 26 contains legal conclusions to which no response is required by Prometric. To the extent that a response is required, Prometric states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27. Prometric denies the allegations in Paragraph 27 of the First Amended Complaint.

28. Prometric denies the allegations in Paragraph 28 of the First Amended Complaint.

29. Prometric denies the allegations in Paragraph 29 of the First Amended Complaint.

30. Paragraph 30 contains legal conclusions to which no response is required by Prometric. To the extent that a response is required, Prometric denies the allegations in Paragraph 30 of the First Amended Complaint as stated by the plaintiff.

## SECOND CLAIM FOR RELIEF
## UNRUH CIVIL RIGHTS ACT

31. The allegations in Paragraph 31 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric incorporates by reference its response to all previous paragraphs (1-30) of the First Amended Complaint as though fully set forth herein.

32. The allegations in Paragraph 32 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric states that the language of the Unruh Act speaks for itself.

33. The allegations in Paragraph 33 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric states that the language of the Unruh Act speaks for itself.

34. Paragraph 34 states a legal conclusion to which no response is required by Prometric. To the extent that a response is required, Prometric states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 34 and, therefore, denies those allegations.

35.  Paragraph 35 states a legal conclusion to which no response is required by Prometric. To the extent that a response is required, Prometric denies the allegation in Paragraph 35.

36.  Prometric denies the allegations in Paragraph 36 of the First Amended Complaint.

37.  Prometric denies the allegations in Paragraph 37 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF
## NEGLIGENCE

38.  The allegations in Paragraph 38 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric incorporates by reference its response to all previous paragraphs (1-37) of the First Amended Complaint as though fully set forth herein.

39.  Prometric denies the allegations in Paragraph 39 of the First Amended Complaint.

40.  Prometric denies the allegations in Paragraph 40 of the First Amended Complaint.

41.  Prometric denies the allegations in Paragraph 41 of the First Amended Complaint.

42.  Prometric denies the allegations in Paragraph 42 of the First Amended Complaint.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

43.  The allegations in Paragraph 43 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric incorporates by reference its response to all previous paragraphs (1-42) of the First Amended Complaint as though fully set forth herein.

44. Prometric denies the allegations in Paragraph 44 of the First Amended Complaint.

45. Prometric denies the allegations in Paragraph 45 of the First Amended Complaint.

46. Prometric denies the allegations in Paragraph 46 of the First Amended Complaint.

47. Prometric denies the allegations in Paragraph 47 of the First Amended Complaint.

## FIFTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. The allegations in Paragraph 48 of the First Amended Complaint do not call for a response from Prometric. To the extent that a response is required, Prometric incorporates by reference its response to all previous paragraphs (1-47) of the First Amended Complaint as though fully set forth herein.

49. Prometric denies the allegations in Paragraph 49 of the First Amended Complaint.

50. Prometric denies the allegations in Paragraph 50 of the First Amended Complaint.

51. Prometric denies the allegations in Paragraph 51 of the First Amended Complaint.

52. Prometric denies the allegations in Paragraph 52 of the First Amended Complaint.

## PRAYER FOR RELIEF

The remaining allegations of Plaintiff First Amended Complaint contain a prayer for relief to which no answer is required, but to the extent that one may be deemed necessary, Prometric denies that plaintiff has been damaged in a manner which would entitle plaintiff to any of the relief sought therein, and further denies that plaintiff is entitled to the requested relief, or to any relief whatsoever, as against

8

DEFENDANT PROMETRIC INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

2390483v.1

Prometric or any other defendant named in the First Amended Complaint.

## DEMAND FOR JURY TRIAL

Prometric hereby demands trial by jury.

## GENERAL DENIAL

Prometric denies all allegations in the First Amended Complaint that are not expressly admitted herein.

## PROMETRIC'S AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint, and every cause of action therein, fails to state a claim upon which relief may be granted.

2. Prometric has caused no damage or injury as alleged by plaintiff, and plaintiff's theory of causation is too speculative to permit any recovery.

3. Plaintiff failed to mitigate his alleged damages, thereby causing and contributing to the injuries alleged.

4. Some or all of plaintiff's claimed damages are too speculative to be recoverable.

5. Prometric is not liable, if at all, to the extent that Plaintiff's injuries were caused or aggravated, in whole or in part, by his own acts or omissions.

6. To the extent that any damages are otherwise recoverable by plaintiff under his third and fourth claims for relief, which Prometric denies, those damages are barred, or must be reduced, by plaintiff's contributory or comparative negligence, fault, and want of due care.

7. Plaintiff's tort claims are barred, in whole or in part, by the economic loss rule/doctrine.

8. Prometric is not liable to Plaintiff for the acts or omissions of other parties.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because of plaintiff's delay in filing his lawsuit and the attendant prejudice caused to Prometric, including the unavailability of potentially relevant evidence.

10. The Court lacks subject matter jurisdiction over plaintiff's ADA claim on the grounds of mootness.

11. The Court lacks subject matter jurisdiction over plaintiff's tort claims on the grounds of ripeness.

12. Prometric presently has insufficient knowledge or information on which to form a belief as to whether it has additional affirmative defenses available. Accordingly, Prometric reserves the right to plead such additional defenses in the event that discovery or further analysis indicates that additional unknown or unstated affirmative defenses are applicable.

## PRAYER

Wherefore, Prometric prays as follows:

1. That all relief requested in plaintiff's First Amended Complaint be denied, and that judgment be entered in favor of Prometric, dismissing all claims with prejudice;

2. That the Court award Prometric its costs incurred in defense of this action, including attorneys' fees, to the extent that such fees may be recoverable; and

3. That the Court grant Prometric such other and further relief as it may deem just and proper.

Respectfully submitted,

Dated: January 20, 2016

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ David S. Eisen
David S. Eisen
Josephine C. Lee-Nozaki
Attorneys for Defendant
PROMETRIC INC.

# PROOF OF SERVICE

I, Lori McCartan, declare

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, CA 90071

On January 20, 2016, I electronically filed the attached document(s): **DEFENDANT PROMETRIC INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| Christopher H. Knauf<br>Alexandra Robertson<br>Knauf Associates<br>2001 Wilshire Blvd., Ste. 320<br>Santa Monica, CA 90403<br>T: (310) 829-4250<br>F: (310) 622-7263<br>Attorneys for Plaintiff | Eric A. Herzog<br>Norton Rose Fulbright US LLP<br>555 S. Flower St., 41st Fl.<br>Los Angeles, CA 90071<br>T: (213) 892-9200<br>F: (213) 892-9494<br>Attorneys for Defendant<br>NATIONAL BOARD OF MEDICAL EXAMINERS |
| | Robert A. Burgoyne<br>Norton Rose Fulbright US LLP<br>799 9th Street NW<br>Washington, D.C. 20001<br>T: (202) 662-0200<br>F: (202) 662-4643 |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 20, 2016, at Los Angeles, California.

/s/ Lori McCartan