Christopher H. Knauf, State Bar No. 185180
  ck@goodlaw.biz
Alexandra M. Robertson, State Bar No. 298637
  alex@goodlaw.biz
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 320
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263

Shawna L. Parks, State Bar No. 208301
sparks@parks-law-office.com
LAW OFFICE OF SHAWNA L. PARKS
4470 W. Sunset Blvd.
Suite 107, #347
Los Angeles, California 90027
Tel: (323) 389-9239; Fax: (323) 389-9239

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>PROMETRIC INC., a Delaware corporation; NATIONAL BOARD MEDICAL EXAMINERS, a District of Columbia non-profit corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.: 8:15-cv-00798-DOC-JC<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO SUBSTITUTE RTLR ENTERPRISES INC. FOR DOE DEFENDANT [F.R.C.P. 26(a)(2) & 21]<br><br>DATE:     May 16, 2016<br>TIME:      8:30 a.m.<br>PLACE:   Room 9D, Santa Ana<br><br>Pre-Trial: September 13, 2016<br>Trial:        September 27, 2016 |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 16, 2016 at 8:30 a.m. in Room 9D of the Court referenced above, located at 411 West Fourth Street, Room 9D, Santa Ana, California, unless otherwise ordered by the Court, Plaintiff will seek an order pursuant to Rule 15(a)(2) and Rule 21 of the Federal Rules of Civil Procedure granting leave to file their Second Amended Complaint for the sole purpose of substituting RTLR Enterprises Inc. in place of a Doe Defendant.  Plaintiff brings this motion, following a good faith meeting of counsel as required by Local Rule 7-3.  Plaintiff bases the motion on this notice, the accompanying points and authorities, including the declarations of Plaintiff's counsel, and such further evidence or briefing as may be requested by the Court.

Plaintiff's proposed Second Amended Complaint is lodged concurrently with this motion.

Dated: May 3, 2016                    KNAUF ASSOCIATES
                                      LAW OFFICE OF SHAWNA L. PARKS

                                      */s/ Christopher H. Knauf*
                                      _____
                                      By:  Christopher H. Knauf
                                      Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT TO SUBSTITUTE DOE DEFENDANT

## POINTS AND AUTHORITIES

Plaintiff hereby seeks the Court's leave to file a second amended complaint for the sole purpose of naming a previously unknown fictitious Doe Defendant. The action concerns the alleged failure of Defendants to properly accommodate Plaintiff's learning disability during high stakes testing by the National Board of Medical Examiners.   Defendant Prometric Inc. administers the testing centers where Plaintiff's alleged incidents occurred.  During a recent deposition, Plaintiff learned that Prometric has a business relationship with proposed defendant RTLR Enterprises Inc. (hereafter "RTLR"), who employs the persons who Plaintiff alleges committed the acts at issue.  Prometric's counsel represented the RTLR employee at the deposition, such that adding RTLR to the action should cause little to no substantive delay of the action.   The proposed amended complaint adds RTLR to the action and makes no other substantive changes, such that there is good cause to grant leave to amend.

## ARGUMENT

A motion for leave to amend a complaint to substitute a named defendant for a Doe defendant are governed by Federal Rule of Civil Procedure 15. *See Butler v. Robar Enterprises, Inc.,* 208 F.R.D. 621, 622 (C.D.Cal.2002). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely grant leave when justice so requires." Federal Rule of Civil Procedure 21 permits "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), which provides leave "shall be freely granted when justice so requires." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962). Federal policy strongly favors amending pleadings to facilitate a proper decision on the merits. *Howey v.United States,* 481 F. 2d 1187, 1190 (9th Cir. 1973). Thus, this

policy favoring amendment "is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1075, 1079 (9th Cir. 1990)).

Leave to amend is freely given unless an opposing party makes a showing of undue prejudice, bad faith or dilatory motive on the part of the moving party, or futility or undue delay. *Foman*, 371 U.S. at 182; *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9thCir. 1997). In the absence of these factors, leave should be freely given. *Hall v. City of L.A.,* 697 F.3d 1059, 1072–73 (9th Cir.2012) (citing *Foman,* 371 U.S. at 182 ) (reversing district court's denial of leave for failure to meet and confer). Where a decision denying leave to amend fails to be justified by a finding of these factors, this constitutes abuse of discretion. *See Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

These factors are not of equal weight. *United States v. Webb,* 655 F.2d 977, 980 (9th Cir.1981) (citing *Howey,* 481 F.2d 1187). "Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.; see also McMullen v. Fluor Corp.,* 81 Fed.Appx. 197, 199 (9th Cir. 2003). The party opposing leave to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987). Permitting amendment to substitute a named defendant for a Doe defendant who was previously unknown to a plaintiff and uncovered through discovery is proper and does not prejudice existing defendants where no new claims are added, and the amendment simply names a previously unknown party involved in the same incidents alleged in the original complaint. *See Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 546-48 (D. Nev. 1981) (Determining leave

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT TO SUBSTITUTE DOE DEFENDANT

to amend was properly granted in the context of a summary judgment motion based on statute of limitations).

In this instance, the parties are in the midst of completing discovery and through a deposition held on February 12, 2016, Plaintiff's counsel first learned of the role of RTLR in these incidents. Declaration of Christopher Knauf ¶¶ 3, 4. Prior to this deposition, Plaintiff was unaware of the identity of RTLR as the owner of the Prometric testing facility where these incidents occurred and as the employer of the personnel involved; RTLR was not disclosed by any named Defendant. *Id.* at ¶ 5. Based on discovery thus far, Plaintiff believes RTLR is a necessary party to this action as it retains supervisory and training responsibilities over its employees who administer exams for Defendants National Board Medical Examiners and Prometric Inc. *Id.* at ¶ 6. In an effort to ensure that Plaintiff's claims are properly and fully adjudicated or otherwise resolved in a single action, Plaintiff seeks to name the additional necessary party. *Id.* at ¶ 4.

Although discovery is coming to a close in this action, this substitution of a Doe defendant adds no new claims, as there is a complete overlap in the incidents from which Plaintiff's claims arise, as this action concerns a single incident during an examination administered by Defendants National Board of Medical Examiners and Prometric Inc. at the testing facilities run by the employees of RTLR. *Id.* at ¶¶ 6, 8. Because the majority of written discovery responses and depositions are still pending and not completed, including Plaintiff Brian Petrie's deposition, and the trial date in this matter is approximately five months away, scheduled for September 27, 2016, Defendants will not be prejudiced in any way if RTLR is substituted as a defendant. *Id.* at ¶ 3, 8.  Plaintiffs' amendments do not include any new legal theories or claims, and existing Defendants already knew of RTLR's role in the events, as Prometric produced RTLR's employee to be deposed as the agent

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT TO SUBSTITUTE DOE DEFENDANT

of Prometric who was involved in the incident at issue. *Id.* at ¶¶ 4, 8.

To deny leave to amend, a finding of delay alone is not sufficient, and the court must also provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving part, or futility of the amendment. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *Howey*, 481 F.2d at 1190-91. The Ninth Circuit has found that motions for leave to amend filed over a year after the original complaint was filed could not be denied for undue delay. *DCD Programs,* 833 F.2d at 185 (reversing district court's denial of motion for leave to file fourth amended complaint made over a year after the original complaint was filed); *Howey*, 481 F.2d 1187 (reversing district court's denial of a motion for leave to amend third-party complaint, although motion was made five years after third-party complaint had been filed).

Here, the present motion seeking leave to amend filed approximately one year after the filing of the original complaint is not unduly delayed, as Defendants never disclosed RTLR, and Plaintiff only recently learned of and confirmed the identity of RTLR. Declaration of Christopher Knauf ¶¶ 3, 5. Although Plaintiff's counsel did a diligent search to identify defendants at the outset of litigation before filing the complaint, counsel remained unaware of the identity of RTLR until this information was revealed during the February 12, 2016 deposition. *Id.* at ¶ 5. Further, while Plaintiff's original complaint sufficiently identified the exact exam and date – U.S. Medical Licensing Examination Step 2 Clinical Knowledge administered on May 25, 2013 – to permit existing Defendants to determine the location and entity that owned the facility and employed the personnel involved, Defendants at no time disclosed that the facility was owned and staffed by another entity, RTLR Enterprises Inc., neither in their initial disclosures, nor any other filing. *Id.* Plaintiff has not delayed in seeking leave to amend for any bad faith or

improper motive; delay since the deposition has been due to a variety of factors, primarily obligations in this and other pending litigation matters. *Id.* at ¶ 8. Plaintiff presents good faith reasons to amend the complaint to substitute in RTLR Enterprises Inc. for a fictitiously named Doe defendant. *See Owens*, 244 F.3d at 712 (district court did not err in finding that the defendant amended answer in good faith, since the reasons to amend were credible).

Finally, a proposed amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Cortigiano v. Oceanview Manor Home for* Adults, 227 F.R.D. 194, 202 (E.D.N.Y. 2005). If the party moving for leave to amend has "at least colorable grounds for relief," justice requires that the Court grant leave to amend. *Cortigiano*, 227 F.R.D. at 202.

Here, there are clearly colorable grounds for relief against RTLR Enterprises Inc, in an action where all the claims for relief against RTLR are the same as those against the existing defendants and are based on a single incident that occurred at a facility that RTLR reportedly owns, and involved personnel who RTLR employs, supervises and trains. Further, there is no bar to substituting Doe defendants under the applicable California statute of limitations law for amendments that substitute in previously unidentified Doe defendants. *See Provencio v. Vazquez*, 258 F.R.D. 626, 631-32 (E.D. Cal. 2009) ("…when the court borrows the statute of limitations from California State law, California's procedure for relation back in the suing of fictitious defendants controls."); *Merritt v. County of Los Angeles,* 875 F.2d 765, 768 (9th Cir.1989) ("…the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action…[u]nder California relation back rules, there is no notice-to-defendants requirement as in the federal rule."); *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1463 (9th Cir.1988)("The California

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT TO SUBSTITUTE DOE DEFENDANT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

pleading practice allowing new defendants to be named after the original complaint is filed without violating the statue of limitations is such a substantive state policy that is applicable in the federal courts"); *Lindley v. General Elec. Co.,* 780 F.2d 797 (9th Cir.1986) ("When a defendant is brought in by amendment substituting his name for a Doe defendant, he is 'considered a party to the action from its commencement for purposes of the statute of limitations.'" (quoting *Borrows v. American Motors Corp.*, 144 Cal. App.3d 1,7, Cal. Rptr. 380, 382 (1983))).

For the foregoing reasons and given the express language of Rule 15(a)(2) and Rule 21 of the Federal Rules of Civil Procedure, Plaintiffs respectfully request the Court grant leave to file their Second Amended Complaint.


Dated: May 3, 2016                          KNAUF ASSOCIATES
                                            LAW OFFICE OF SHAWNA L. PARKS

                                            */s/ Christopher H. Knauf*
                                            _____

                                            By:  Christopher H. Knauf
                                            Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT TO SUBSTITUTE DOE DEFENDANT