Christopher H. Knauf, State Bar No. 185180
  *ck@goodlaw.biz*
Alexandra M. Robertson, State Bar No. 298637
  *alex@goodlaw.biz*
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 320
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263

Shawna L. Parks, State Bar No. 208301
*sparks@parks-law-office.com*
LAW OFFICE OF SHAWNA L. PARKS
4470 W. Sunset Blvd.
Suite 107, #347
Los Angeles, California 90027
Tel: (323) 389-9239; Fax: (323) 389-9239

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>PROMETRIC INC., a Delaware corporation; NATIONAL BOARD MEDICAL EXAMINERS, a District of Columbia non-profit corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 8:15-cv-00798-DOC-JC<br><br>DECLARATION OF CHRISTOPHER KNAUF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE DOE DEFENDANT FOR RTLR ENTERPRISES INC. [F.R.C.P. 26(a)(2) & 21]<br><br>DATE:   May 16, 2016<br>TIME:    8:30 a.m.<br>PLACE:  Room 9D, Santa Ana<br><br>Pre-Trial: September 13, 2016<br>Trial:      September 27, 2016 |

-1-
DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

# DECLARATION OF CHRISTOPHER H. KNAUF

1.  I, Christopher H. Knauf, declare that I am an attorney duly licensed to practice law in the State of California and before this Court. I have personal knowledge of the facts herein, and if called as a witness would competently testify to those facts.

2.  I am the lead attorney for Plaintiff Brian Petrie in the matter of *Petrie v. Prometric Inc., et al.,* designated as United States District Court case number 8:15-cv-00798-DOC-JC.

3.  The parties are in the midst of discovery. The parties have propounded all written discovery and are in the process of producing responses and documents pursuant to those requests. The parties have taken two depositions to date and have the majority of depositions scheduled to be completed in May, including Plaintiff Brian Petrie's deposition.

4.  On February 12, 2016, in the course of Plaintiff taking the deposition of Defendant Prometric Inc.'s personnel involved in the incident at issue, Plaintiff first learned that the test center where the incidents occurred is owned or operated by RTLR Enterprises Inc., and that RTLR was the employer of the personnel involved in the alleged incidents. The RTLR employee was represented by Prometric's counsel at the deposition, and presumably, Prometric has known of RTLR's involvement throughout the case. In an effort to ensure that Plaintiff's claims are properly and fully adjudicated or otherwise resolved in a single action, Plaintiff seeks to substitute the additional necessary party identified during discovery in place of a fictitiously named Doe Defendant.

5.  Prior to the February 12, 2016 deposition, Plaintiff was unaware of the identity of the RTLR Enterprises Inc. as the owner of the facility and employer of the personnel involved. At the outset of litigation, before filing the original

complaint, Plaintiff's counsel performed a diligent search to identify defendants, including researching the business records of the California Secretary of State and Pennsylvania Secretary of State, and other public filings. Although Plaintiff's original complaint clearly identified the exact examination and date of the incidents at issue – U.S. Medical Licensing Examination Step 2 Clinical Knowledge administered on May 25, 2013 – and this information is sufficient to permit Defendants to identify where the incidents had occurred and the entity that owned that location and employed the personnel involved, at no point did Defendants disclose the identity or existence of RTLR Enterprises Inc. through initial disclosures, nor any other filing, until Plaintiff discovered this information during the February 12, 2016 deposition.

6. While Plaintiff is awaiting requested documents regarding the nature of Defendants' contractual relationship with RTLR Enterprises Inc., I believe that RTLR Enterprises Inc. is a necessary party as the test facility owner and employer of personnel involved in the incidents giving rise to this action. Based on information from the deposition of Shelli Andrews on February 12, 2016, I believe that RTLR Enterprises Inc. is not just an owner and employer involved in these incidents, but also involved in the supervision and training of the personnel involved in the incidents.

7. At the initial meeting of counsel and in advance of filing this motion, I conferred with Defendants' respective counsel regarding Plaintiff's intention to amend their complaint based on the newly discovered party. Defendants' counsel indicated their intent to oppose this motion without stating any grounds. As such, I attempted in good faith to meet and confer with counsel prior to filing this motion, as required by Local Rule 7-3.

8. The trial date in this matter is nearly five months away – September

-3-
DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

27, 2016, and the proposed amendment adds no new claims, such that I am informed and believe that the existing Defendants will not be prejudiced by the addition of necessary parties, nor prejudiced in their ability to defend against the proposed pleading. Plaintiff's delay in bringing this motion was caused by first learning the identify and role of RTLR Enterprises Inc. in the course of discovery, and administrative and litigation delays related to this and other pending litigation. Plaintiff's delay has not been for any nefarious purpose or for any improper advantage whatsoever.

      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on May 3, 2016, in Santa Monica, California.

_____
Christopher H. Knauf