1  David S. Eisen (State Bar No. 100623)
     David.Eisen@wilsonelser.com
2  Alexandra Aurisch (SBN 296525)
     Alexandra.Aurisch@wilsonelser.com
3  **WILSON, ELSER, MOSKOWITZ,**
     **EDELMAN & DICKER LLP**
4  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
5  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101
6
7  Attorneys for Defendant,
   PROMETRIC INC., a Delaware corporation
8
9
10              **IN THE UNITED STATES DISTRICT COURT**

11            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  BRIAN PETRIE, an individual,      )  Case No. 8:15-cv-00798-DOC-JC
                                       )
14                      Plaintiff,     )  Assigned to Judge David O Carter
                                       )  Magistrate Judge Jacqueline Chooljian
15  v.                                 )
                                       )  **DEFENDANT PROMETRIC INC.'S**
16  PROMETRIC INC., a Delaware         )  **OPPOSITION TO PLAINTIFF'S EX**
    corporation; NATIONAL BOARD OF     )  **PARTE  APPLICATION FOR**
17  MEDICAL EXAMINERS, a               )  **ORDER SHORTENING TIME**
    Pennsylvania non-profit corporation; and )
18  DOES 1-10, inclusive,             )
                                       )
19                      Defendants.    )
                                       )
20  ─────────────────────────────────

21  **I.    INTRODUCTION**

22          Defendant Prometric Inc. ("Prometric") hereby opposes Plaintiff Brian Petrie's

23  Ex Parte Application for Order Shortening Time ("Application").  The Application

24  seeks to shorten the time for the hearing of Plaintiff's Motion for Leave to File

25  Second Amended Complaint to Substitute RTLR Enterprises Inc. for Doe Defendant

26  ("Motion to Amend"). For the reasons set forth below, Prometric respectfully submits

27  that the Court not grant Plaintiff's Ex Parte Application.

28  */ / /*

## II.   <u>ARGUMENT</u>

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Ex parte applications "are nearly always improper." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192-93 (C.D. Cal. 1989). Plaintiff's Application is no exception.

To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Continental Cas. Co.* at 492. Second, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* A showing of irreparable prejudice usually requires addressing the merits of the proposed motion itself, because  if the motion is meritless, the Court's failure to hear it is not prejudicial." *Id.*

Turning initially to the second requirement in justifying ex parte relief, Plaintiff has failed to establish that Plaintiff is without fault and/or that his neglect is excusable. This action was filed on May 22, 2015. The existence of RTLR Enterprises, Inc. ("RTLR")'s employee, Shelli Andrews, has been known to Plaintiff since the date of Plaintiff's alleged injury, May 25, 2013. (Declaration of Alexandra Aurisch, or "Aurisch Dec.," at ¶ 3.) Ms. Andrews' identity was also disclosed in Prometric's  Sept. 28, 2015  Initial Disclosures. (*Id.*) When Plaintiff finally got around to deposing Ms. Andrews on Feb. 12, 2016, she identified RTLR, the proposed Doe Defendant, as her employer. (*Id.*) Plaintiff also failed to serve any interrogatories or requests for admission that would have led to the discovery of the potential Doe Defendant prior to that deposition. (*Id.*)

The Court's Oct. 8, 2015 Scheduling Order re: All Pretrial and Trial Procedures dictates that **all motions to join parties be filed within 60 days of the Order, which was Dec. 7, 2015 , and noticed for hearing within 90 days of the**

DEFENDANT PROMETRIC INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE  APPLICATION FOR ORDER SHORTENING TIME
CASE NO. 8:15-CV-00798-DOC-JC

2456498v.1

1 **Order, which was Jan. 6, 2016.** (*Id.* at ¶ 4) Plaintiff has not demonstrated any
2 diligent effort to ascertain this possible defendant prior to that date. (*Id.*) Of even
3 more significance, **Plaintiff waited nearly three months after becoming aware of**
4 **RTLR before filing the Motion to Amend and the related Ex Parte**
5 **Application.** If Plaintiff had filed his Motion to Amend in a timely manner, there
6 would be no need for this Ex Parte Application.

7 With respect to the first requirement of irreparable prejudice, Plaintiff's
8 proposed Motion for Leave to Amend is meritless and therefore failure to hear it is
9 not prejudicial. Although Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides
10 that "[t]he court should freely give leave when justice so requires," the leave to
11 amend "is not to be granted automatically." *Jackson v. Bank of Hawaii,* 902 F.2d
12 1385, 1387 (9th Cir. 1990). Rather, a court "may exercise its discretion to deny leave
13 to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant,
14 repeated failure to cure deficiencies by amendments previously allowed, undue
15 prejudice to the opposition party…, [and] futility of amendment." *Carvalho v.*
16 *Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v.*
17 *Davis,* 371 U.S. 178, 182 (1962)) (alterations in original).

18 As discussed above, Plaintiff has demonstrated undue delay in ascertaining any
19 potential Doe Defendants. Even assuming Plaintiff had actually been *impeded* in
20 discovering the existence of RTLR until Feb. 12, 2016 – which Plaintiff has not
21 demonstrated – this would fail to remedy Plaintiff's nearly three month delay in
22 bringing the Motion to Amend and relevant Ex Parte Application.

23 The merits of the Motion to Amend are also vulnerable on the grounds that the
24 Motion seeks to add an entirely independent party which would need to engage
25 counsel once served and then engage in the full range of discovery. In light of the
26 upcoming discovery cutoff and trial dates, Plaintiff's delay, and the fact that there are
27 two fully solvent defendants if there is any liability at all, the Motion to Amend
28 should be denied.

3

1

## III.    <u>CONCLUSION</u>

2

3         Prometric should not be prejudiced by having substantially reduced time to

4    oppose Plaintiff's Motion to Amend as a result of Plaintiff's delay in filing the

5    motion.   Prometric respectfully submits that the Court deny Plaintiff's Ex Parte

     Application.

6

7    Dated:  May 4, 2016                    WILSON, ELSER, MOSKOWITZ,
                                                EDELMAN & DICKER LLP
8

9                                        By:   /s/ Alexandra C. Aurisch
                                         David S. Eisen
10                                         David.Eisen@wilsonelser.com
                                         Alexandra C. Aurisch
11                                         Alexandra.Aurisch@wilsonelser.com
                                         555 South Flower Street, Suite 2900
12                                       Los Angeles, California 90071
                                         Telephone:  (213) 443-5100
13                                       Facsimile:  (213) 443-5101
                                         Attorneys for Defendant
14                                       PROMETRIC INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT PROMETRIC INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE  APPLICATION FOR ORDER SHORTENING TIME**
CASE NO. 8:15-CV-00798-DOC-JC

2456498v.1

## DECLARATION OF ALEXANDRA C. AURISCH

1.     I, Alexandra Aurisch, declare that I am an attorney duly licensed to practice law in the State of California and before this Court. I am an associate in the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys of record for Defendant Prometric, Inc. in the matter of *Petrie v. Prometric Inc., et al.* I have personal knowledge of the facts herein, and if called as a witness would competently testify to those facts.

2.     This Declaration is submitted in support of Defendant Prometric, Inc.'s Opposition to Plaintiff's Ex Parte Application for an Order Shortening Time.

3.     The existence of RTLR Enterprises, Inc. ("RTLR")'s employee, Shelli Andrews, has been known to Plaintiff  since the date of Plaintiff's alleged injury, May 25, 2013. Ms. Andrews' identity was also disclosed in Prometric's Sept. 28, 2015 Initial Disclosures. When Plaintiff finally got around to deposing Ms. Andrews on Feb. 12, 2016, she identified RTLR, the proposed Doe Defendant, as her employer. Plaintiff also failed to serve any interrogatories or requests for admission that would have led to the discovery of the potential Doe Defendant prior to that deposition.

4.     The Court's Oct. 8, 2015 Scheduling Order re: All Pretrial and Trial Procedures dictates that all motions to join parties be filed within 60 days of the Order, which was Dec. 7, 2015 , and noticed for hearing within 90 days of the Order, which was  Jan. 6, 2016. Plaintiff has not demonstrated any diligent effort to ascertain this possible defendant prior to that date.

I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct. Executed on May 4, 2016, in Los Angeles, California.

_____/s/ Alexandra Aurisch_____

DEFENDANT PROMETRIC INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE  APPLICATION FOR ORDER SHORTENING TIME
CASE NO. 8:15-CV-00798-DOC-JC

2456498v.1