**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0798-DOC (JCx)                                Date: May 5, 2016

Title: BRIAN PETRIE V. PROMETRIC INC., ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING [46]**

On May 3, 2016, Plaintiff Brian Petrie ("Petrie" or "Plaintiff") filed an Ex Parte Application to Shorten Time for Order Shortening Time ("Application") (Dkt. 46). Defendant Prometric Inc. ("Prometric" or "Defendant") opposed the Application on May 4, 2016 (Dkt. 47). For the reasons below, the Court DENIES the Application.

On May 3, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint to Substitute RTLR Enterprises, Inc. for Doe Defendant ("Motion") (Dkt. 45). In the instant Application, Plaintiff seeks to shorten the briefing and hearing schedule for that Motion. *See* App. at 5. Plaintiff states this expedited scheduled is "needed due to Plaintiff's recent discovery of the identity of RTLR Enterprises, Inc. ("RTLR") and rapidly approaching litigation deadline to complete discovery." *Id.* at 4. In response, Defendant contends Plaintiff has failed to established either that he is without fault in creating the exigency, or that he would be irreparably prejudiced.

Ex parte applications are proper only when "the evidence [] show[s] the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0798-DOC (JCx)                                        Date: May 5, 2016
                                                                                                                                           Page 2

is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

      Plaintiff's brief Application is plainly insufficient. As an initial matter, Plaintiff has not adduced evidence showing, let alone even mentioned, he would be irreparably prejudiced if the underlying Motion is heard according to the regular schedule. *See* App. at 4. Moreover, the Court is unconvinced that Plaintiff was not at fault in creating this situation. Defendant notes "[t]he existence of RTLR Enterprises, Inc. ("RTLR")'s employee, Shelli Andrews, has been known to Plaintiff since the date of Plaintiff's alleged injury, May 25, 2013. Ms. Andrews' identity was also disclosed in Prometric's Sept. 28, 2015 Initial Disclosures." Opp'n at 2 (internal citations omitted). Further, the Court notes Plaintiff himself states he learned the identity of RTLR during a deposition on February 12, 2016. App. at 4. Yet despite learning of RTLR's identity, Plaintiff waited two-and-a-half months to file the Motion and the instant Application. Plaintiff offers no explanation of this delay in his Application.

      Because of these two deficiencies, the Court DENIES Plaintiff's Application.

      The hearing on the Motion is hereby CONTINUED to **June 6, 2016, at 8:30 a.m.**[1] Per Local Rules 7-9 and 7-10, Defendant's Opposition is due **on or before May 16, 2016**, and Plaintiff's Reply, if desired, is due **on or before May 23, 2016.**

      The Clerk shall serve this minute order on the parties.

                                                                                                                                                                            Initials of Deputy Clerk: nkb

MINUTES FORM 11
CIVIL-GEN

---

[1] Because the Motion was filed on Tuesday, May 3, 2016, the appropriate hearing date is June 6, 2016, which is the next available hearing date after twenty-eight days. *See* L.R. 6-1.