David S. Eisen (State Bar No. 100623)
   David.Eisen@wilsonelser.com
Alexandra Aurisch (State Bar No. 296525)
   Alexandra.Aurisch@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant,
PROMETRIC INC., a Delaware corporation

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| BRIAN PETRIE, an individual, | Case No. 8:15-cv-00798-DOC-JC |
| Plaintiff, | **DEFENDANT PROMETRIC INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| PROMETRIC INC., a Delaware corporation; NATIONAL BOARD OF MEDICAL EXAMINERS, a Pennsylvania non-profit corporation; and DOES 1-10, inclusive, | |
| Defendants. | Date:   June 6, 2016<br>Time:   8:30 a.m.<br>Place:  Courtroom 9D, Santa Ana |

## I. INTRODUCTION

Defendant Prometric Inc. ("Prometric" or "Defendant") hereby opposes Plaintiff Brian Petrie's Motion for Leave to File Second Amended Complaint to Substitute RTLR Enterprises Inc. for Doe Defendant ("Motion to Amend" or "Motion"). Prometric respectfully submits that the Court not grant Plaintiff's Motion, which is unjustifiably tardy as well as prejudicial to Defendant.

## II. ARGUMENT

Although Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," the leave to amend "is

1

2456335v.1

not to be granted automatically." *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). Rather, a court "may exercise its discretion to deny leave to amend due to undue delay,… undue prejudice to the opposition party, …[or] futility of amendment." *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (alterations in original). In this case, all three of these factors argue against granting Plaintiff's Motion – though any one factor is sufficient for its denial. *See id.*

### A.   A. Plaintiff's Delay Is Unjustified

This action was filed on May 22, 2015. The Court's Oct. 8, 2015 Scheduling Order re: All Pretrial and Trial Procedures dictates that all motions to join parties be filed within 60 days of the Order, which was Dec. 7, 2015 , and noticed for hearing within 90 days of the Order, which was  Jan. 6, 2016. (Declaration of Alexandra Aurisch, or "Aurisch Dec.," at ¶ 3.) Plaintiff has not demonstrated any diligent effort to ascertain this possible defendant prior to that date.

The existence of Shelli Andrews, the employee of the proposed Doe Defendant, RTLR Enterprises, Inc. ("RTLR") has been known to Plaintiff  since the date of Plaintiff's alleged injury, May 25, 2013. (*Id.* at ¶ 4.) Plaintiff communicated with Ms. Andrews in person on that date; in fact, that interaction is the very basis of Plaintiff's suit against Defendant. (*Id.*) Ms. Andrews' identity was also disclosed in Prometric's  Sept. 28, 2015  Initial Disclosures. (*Id.*) Defendant did not impede Plaintiff in setting  Ms. Andrews' deposition. (*Id.*) When Plaintiff finally proceeded with Ms. Andrews' deposition on Feb. 12, 2016, she identified RTLR, the proposed Doe Defendant, as her employer. (*Id.*) However, Plaintiff delayed in filing this motion by nearly three months following that Feb. 12, 2016 deposition. By the time the Court rules upon this Motion, nearly four months will have elapsed since the discovery. Though Plaintiff recently attempted to expedite the hearing date on this significantly tardy Motion to Amend by bringing an Ex Parte Application, Plaintiff's Application effectively sought to force the Defendants to prepare this Opposition in

three days instead of the statutory allowance of ten. (*Id.* at ¶ 5.) Plaintiff even did so with the awareness that a witness deposition was to occur during that same three-day period. (*Id.*)

Plaintiff made no attempt to bring RTLR into the case, or even discuss that issue with Prometric's counsel, following the February 2016 deposition. (*Id.* at ¶ 6.) Defendant had no knowledge of Plaintiff's intent to substitute RLTR as a Doe Defendant until April 20, 2016, when Plaintiff sent Defendant correspondence on this issue. (*Id.*)

With respect to discovery prior to February 2016, Plaintiff also failed to serve any interrogatories, requests for admission, or requests for production that could have led to the discovery of the potential Doe Defendant. (*Id.* at ¶ 7.) Defendant made no attempt to conceal any information regarding Prometric's contracts with third-parties and Plaintiff has not demonstrated any such concealment. (*Id.* at ¶ 8.)

Plaintiff has failed to establish that the identity of this Doe Defendant was unascertainable prior to February 2016. Moreover, his delay in bringing this Motion following RTLR's discovery is inexcusable. Plaintiff's lack of diligence and inexcusable delay in filing this Motion alone warrant the Court's denial of this Motion. *See Carvalho v. Equifax Info. Servs.* 629 F.3d at 892.

**B.   THE ADDITION OF A NEW PARTY IN THE LAST WEEKS OF DISCOVERY IS PREJUDICIAL TO DEFENDANT**

The prejudice Prometric would suffer should Plaintiff's Motion be granted provides independent grounds for its denial. "Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital LLC v. Aspeon Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiff's Motion seeks to add an entirely independent party which would need to engage counsel once served, and then engage in the full range of discovery.

The Declaration of Michael Sawicki, Senior Vice President and General Counsel for Prometric, Inc., establishes that Prometric and RTLR are two separate,

1  independent entities. (Declaration of Michael Sawicki, Esq. or "Sawicki Dec." at ¶ 1,
2  5.) Prometric provides assistance to other business in the administration of various
3  standardized examinations. (*Id.* at ¶ 2.) For some, but not all, of its testing centers,
4  Prometric contracts with a separate entity to operate a particular testing facility or
5  facilities. (*Id.*) The contractual relationship is governed by an "Operating
6  Agreement." (*Id.*) Prometric and RTLR Enterprises, Inc. ("RTLR") have an existing
7  Operating Agreement for two locations, one of which is the testing facility at which
8  Plaintiff's alleged injuries occurred. (*Id.* at ¶ 3; Aurisch Dec. at ¶ 13.) The Operating
9  Agreement establishes that RTLR, as the Operator, performs as an independent
10 contractor and not an employee or agent of Prometric, or of any Testing Client.
11 (Sawicki Dec. at ¶ 4.) The Operating Agreement further establishes that the
12 agreement between Prometric and RTLR does not constitute a franchise. (*Id.*)
13 Prometric has no ownership interest in RTLR Enterprises, Inc. and RLTR
14 Enterprises, Inc. has no ownership interest in Prometric. (*Id.* at ¶ 5.) Prometric and
15 RTLR Enterprises, Inc. do not share a common owner and are separate, independent
16 entities. (*Id.*)

17       Trial is scheduled for Sept. 27, 2016. The deadline for discovery completion is
18 currently May 30, 2016. (Aurisch Dec. at ¶ 9.) Though the parties have informally
19 agreed to allow specific depositions and a site inspection following that date due to
20 various scheduling conflicts, allowing the addition of a new party will allow Plaintiff
21 an undeserved extension of discovery or force a trial continuance. (*Id.*) In fact, the
22 tardiness of this pending Motion itself has already jeopardized several depositions
23 and the site inspection. (*Id.*) As of May 6, 2016, the following depositions were
24 scheduled to go forward between May 9, 2016 and June 1, 2016:

25     •     Shirani de Alwis Chand, Ed.D. – May 9, 2016
26     •     Casey Andrews – May 18, 2016
27     •     Daniel Wongworawat, M.D. – May 19, 2016
28     •     William Britt, M.D. – May 19, 2016

2456335v.1

1 • Plaintiff Brian Petrie – May 20, 2016
2 • John Prange, Ph.d. – May 25, 2016
3 • Henry Lamberton, Psy.D. – June 1, 2016
4 • Tamara Shankel, M.D. – June 1, 2016

(*Id.*)

Defendant has diligently engaged in discovery and has been agreeable with respect to Plaintiff's discovery delays. Plaintiff, in contrast, has been sluggish in its discovery efforts and may hope to compensate for this by involving a new party. The only deposition taken by Plaintiff thus far was the February 2016 deposition of Shelli Andrews. (Aurisch Dec. at ¶ 10.) Plaintiff only noticed the depositions of Prometric's and NBME's Persons Most Knowledgeable on April 21, 2016. (*Id.*) Plaintiff did not propound any discovery on Prometric until April 15, 2016. (*Id.*) Plaintiff did not provide documents responsive to Prometric's Request for Production of Documents, served on Dec. 15, 2015, until May 6, 216. (*Id.*) Further, Plaintiff's Initial Disclosures served on Sept. 25, 2015 did not provide a computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). (*Id.*) Despite several requests from Defendants, and in contravention of Fed. R. Civ. P. 26(e), Plaintiff did not provide these computations until April 15, 2016. (*Id.*)

Plaintiff's untimely Motion to Amend severely prejudices Defendant by enabling Plaintiff to engage in additional discovery that he was not diligent enough to engage in prior to this Motion. Further, Plaintiff's Motion jeopardizes Defendant's scheduled depositions and Defendant's contemplated Motion for Summary Judgment, which is dependent on these depositions. (*Id.* at ¶ 11.)

In support of his Motion, Plaintiff cites to *Swartz v. Gold Dust Casino, Inc*,. 91 F.R.D. 543, 546-48 (D. Nev. 1981) for the proposition that "Permitting amendment to substitute a named defendant for a Doe defendant…. does not prejudice existing defendants where no new claims are added, and the amendment simply names a previously unknown party involved in the same incidents alleged in the original

2456335v.1

complaint." (*See* Plaintiff's Motion to Amend, p. 4) Not only is this authority merely persuasive, but the facts of *Swartz* are inapposite. In *Schwartz*, the party disputing the amendment was the *newly added* Defendant, Cavanaugh Properties. *Swartz v. Gold Dust Casino, Inc,.* 91 F.R.D. at 545. Plaintiff had initially only named Defendant Gold Dust Casino, Inc. ("Gold Dust"). *Id.* at 544. Signficantly, the president of Gold Dust was also a partner of Cavanaugh Properties. *Id.* at 545, 547. Cavanaugh Properties brought a Motion for Judgment on the Pleadings, arguing that the statute of limitations barred the amended complaint naming Cavanaugh Properties. *Id.* at 544-545. The Court ruled, however, that because the partner of Cavanaugh Properties had had timely notice of the amended complaint, Gold Dust had also received timely notice. *Id.* at 547. In addressing prejudice, the court only discussed whether Cavanaugh Properties would be prejudiced by defending against the amended complaint. *Id.* at 547-548. The Court held that being unable to bring a statute of limitations defense did not, by itself, constitute prejudice. *Id.* at 548.

The issue Prometric raises here is not one of lack of notice or with respect to a statute of limitations defense; the issue of prejudice here is the prejudice to Prometric – as the previously named Defendant that has already been litigating this matter for a year – that would result from the addition of a new party. Here, should Plaintiff's Motion be granted, RTLR would be entitled to an opportunity to attack the pleadings as well as to engage in discovery – including re-deposing previously deposed witnesses. For months, Prometric has engaged in discovery that would comply with the deadlines established in October 2015. (Aurisch Dec. at ¶ 11.) Its litigation strategy to date has contemplated the further discovery needed and the costs involved in propounding and responding to that discovery. (*Id.*) Consequently, extending the discovery deadline or continuing trial, or both, would be prejudicial to Prometric.

### C. Plaintiff's Amendment is Futile.

Plaintiff has not made any showing that the proposed Doe Defendant, RTLR is a necessary party. Plaintiff's Motion does nothing more than merely assert that RTLR

2456335v.1

must be added as a party because RTLR supervises and trains its employees – which impliedly includes Shelli Andrews. However, Plaintiff provides no evidence of the existence of RTLR's supervision or training, or the relevance this purported training/supervision has to Plaintiff's claims. In his Declaration, Plaintiff's counsel testifies that based on the deposition of Shelli Andrews, he "believe[s]" that RTLR is "involved in the supervision of the personnel involved in the incidents." (*See* Plaintiff's Motion to Amend.) Plaintiff cites not one statement of Ms. Andrews that supports this belief; and on the contrary, Ms. Andrews' testimony does not suggest any training or supervision of RTLR exists that is relevant to Plaintiff's claims. (Aurisch Dec. at ¶ 12.)

    "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6))." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Dismissal is warranted for either a lack of a cognizable legal theory or a lack of sufficient facts alleged under a cognizable theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d. 696, 699 (9th Cir. 1990). The "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Here, Plaintiff's proposed Second Amended Complaint makes sparse references to RTLR and provides no specific facts supporting RTLR's basis for liability. Plaintiff merely asserts that "RTLR employs, supervises and trains the personnel involved in Plaintiff's alleged incidents" (*See* Plaintiff's Motion to Amend) but fails to provide any facts identify the personnel or how RTLR's supervising or training contributed to the incident. Plaintiff thus fails to raise a right of relief above the speculative level, rendering the proposed amendment futile.

/ / /

/ / /

/ / /

### III. CONCLUSION

Plaintiff has failed to show any compelling reason for delaying the addition of another Defendant months after its discovery and mere weeks away from the discovery deadline. Plaintiff effectively seeks to force Defendant to engage in months of additional discovery and expend indefinite additional costs that would unquestionably result from involving another party at this stage of litigation. Consequently, Defendant respectfully asks that this Court deny Plaintiff's Motion.

Dated: May 16, 2016

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    /s/ Alexandra C. Aurisch
Alexandra C. Aurisch
Alexandra.Aurisch@wilsonelser.com
David S. Eisen
David.Eisen@wilsonelser.com
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Attorneys for Defendant
PROMETRIC INC.

2456335v.1

## DECLARATION OF ALEXANDRA C. AURISCH, ESQ.

1. I, Alexandra Aurisch, Esq. declare that I am an attorney duly licensed to practice law in the State of California and before this Court. I am an associate in the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys of record for Defendant Prometric, Inc. ("Prometric") in the matter of *Petrie v. Prometric Inc., et al.* I have personal knowledge of the facts herein, and if called as a witness would competently testify to those facts.

2. This Declaration is submitted in support of Defendant Prometric's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint.

3. The Court's Oct. 8, 2015 Scheduling Order re: All Pretrial and Trial Procedures dictates that all motions to join parties be filed within 60 days of the Order, which was Dec. 7, 2015, and noticed for hearing within 90 days of the Order, which was Jan. 6, 2016.

4. The existence of Shelli Andrews, the employee of the proposed Doe Defendant, RTLR Enterprises, Inc. ("RTLR") has been known to Plaintiff since the date of Plaintiff's alleged injury, May 25, 2013. Plaintiff communicated with Ms. Andrews in person on that date; in fact, that interaction is the very basis of Plaintiff's suit against Defendant. Ms. Andrews' identity was also disclosed in Prometric's Sept. 28, 2015 Initial Disclosures. Defendant did not impede Plaintiff in setting Ms. Andrews' deposition. When Plaintiff finally proceeded with Ms. Andrews' deposition on Feb. 12, 2016, she identified RTLR, the proposed Doe Defendant, as her employer.

5. Though Plaintiff recently attempted to expedite the hearing date on this significantly tardy Motion to Amend by bringing an Ex Parte Application, Plaintiff's Application effectively sought to force the Defendants to prepare this Opposition in three days instead of the statutory allowance of ten. Plaintiff even did so with the awareness that a witness deposition was to occur during that same three-day period.

///

2456335v.1

6. Plaintiff made no attempt to bring RTLR into the case, or even discuss that issue with Prometric's counsel, following the February 2016 deposition. Defendant had no knowledge of Plaintiff's intent to substitute RLTR as a Doe Defendant until April 20, 2016, when Plaintiff sent Defendant correspondence on this issue. Attached as "Exhibit A" is a complete and accurate copy of that correspondence.

7. With respect to discovery prior to February 2016, Plaintiff also failed to serve any interrogatories, requests for admission, or requests for production that could have led to the discovery of the potential Doe Defendant.

8. Defendant made no attempt to conceal any information regarding Prometric's contracts with third-parties and Plaintiff has not demonstrated any such concealment.

9. The deadline for discovery completion is currently May 30, 2016. Though the parties have informally agreed to allow specific depositions and a site inspection following that date due to various scheduling conflicts, allowing the addition of a new party will allow Plaintiff an undeserved extension of discovery or force a trial continuance. The tardiness of this pending Motion itself has already jeopardized several depositions and the site inspection. As of May 6, 2016, the following depositions were scheduled to go forward between May 9, 2016 and June 1, 2016:

- Shirani de Alwis Chand, Ed.D. – May 9, 2016
- Casey Andrews – May 18, 2016
- Daniel Wongworawat, M.D. – May 19, 2016
- William Britt, M.D. – May 19, 2016
- Plaintiff Brian Petrie – May 20, 2016
- John Prange, Ph.d. – May 25, 2016
- Henry Lamberton, Psy.D. – June 1, 2016
- Tamara Shankel, M.D. – June 1, 2016

10

2456335v.1

10. The only deposition taken by Plaintiff thus far was the February 2016 deposition of Shelli Andrews. Plaintiff only noticed the depositions of Prometric's and NBME's Persons Most Knowledgeable on April 21, 2016. Plaintiff did not propound any discovery on Prometric until April 15, 2016. Plaintiff did not provide documents responsive to Prometic's Request for Production of Documents, served on Dec. 15, 2015, until May 6, 216. Attached as "Exhibit B" is a complete and accurate copy of the proof of service of Defendant Prometric's Request for Production of Documents, and attached as "Exhibit C" is a complete and accurate copy of the proof of service of Plaintiff's Response to that request. Further, Plaintiff's Initial Disclosures served on Sept. 25, 2015 did not provide a computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Attached as "Exhibit D" is a complete and accurate copy of the statement of damages contained in Plaintiff's Initial Disclosures and the relevant proof of service. Despite several requests from Defendants, and in contravention of Fed. R. Civ. P. 26(e), Plaintiff did not provide these computations until April 15, 2016. Attached as "Exhibit E" is a complete and accurate copy of a Jan. 29, 2016 e-mail from counsel for Defendant National Board of Medical Examiners regarding the outstanding computations. Attached as "Exhibit F" is the proof of service for Plaintiff's Supplemental Disclosures, served April 15, 2016.

11. Plaintiff's Motion jeopardizes Defendant's scheduled depositions and Defendant's contemplated Motion for Summary Judgment, which is dependent on these depositions. For months, Prometric has engaged in discovery that would comply with the deadlines established in October 2015. Its litigation strategy to date has contemplated the further discovery needed and the costs involved in propounding and responding to that discovery.

12. Ms. Andrews' testimony does not suggest any training or supervision of RTLR exists that is relevant to Plaintiff's claims. True and correct excerpts from Shelli Andrews's deposition testimony relevant to this issue are attached as "Exhibit

G."

13. The testing facility at which Plaintiff's alleged injuries occurred is located at 1290 Hancock Street, Ste, 250, Anaheim, CA 92807. A true and correct copy of Plaintiff's Notice of Site Inspection is attached hereto as "Exhibit H."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 16, 2016, in Los Angeles, California.

      /s/ Alexandra Aurisch
Alexandra C. Aurisch
Alexandra.Aurisch@wilsonelser.com
David S. Eisen
David.Eisen@wilsonelser.com
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Attorneys for Defendant
PROMETRIC INC.

2456335v.1