Christopher H. Knauf, State Bar No. 185180
  *ck@goodlaw.biz*
Alexandra M. Robertson, State Bar No. 298637
  *alex@goodlaw.biz*
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 320
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263

Shawna L. Parks, State Bar No. 208301
*sparks@parks-law-office.com*
LAW OFFICE OF SHAWNA L. PARKS
4470 W. Sunset Blvd., Suite 107, #347
Los Angeles, California 90027
Tel: (323) 389-9239; Fax: (323) 389-9239

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>PROMETRIC INC., a Delaware corporation; NATIONAL BOARD MEDICAL EXAMINERS, a District of Columbia non-profit corporation; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.: 8:15-cv-00798-DOC-JC<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO SUBSTITUTE RTLR ENTERPRISES INC. FOR DOE DEFENDANT<br>[F.R.C.P. 26(a)(2) & 21]<br><br>DATE:   June 6, 2016<br>TIME:   8:30 a.m.<br>PLACE:  Room 9D, Santa Ana<br><br>Pre-Trial: September 13, 2016<br>Trial:    September 27, 2016 |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

Plaintiff, BRIAN PETRIE, respectfully submits this Reply in Support of Plaintiff's Motion for Leave to File Second Amended Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Dr. Brian Petrie seeks leave to file a second amended complaint for the sole purpose of naming a previously unknown Doe Defendant. Defendants did not disclose that an entity other than Defendant Prometric Inc. was involved in the operation of the testing center involved in the incident giving rise to this action until deposition testimony in February revealed the identity of RTLR Enterprises Inc. ("RTLR") as the owner and operator of the testing site at issue. Although Defendant Prometric contracts with RTLR to operate a testing center under the "Prometric" name and administer exams for Prometric clients (see Sawicki declaration), at no point until the deposition did Prometric disclose the identity of RTLR. Plaintiff has not unduly delayed, as he in good faith first attempted to settle the matter early, and has since litigated the case within the Court's time constraints. Defendants have articulated no actual prejudice should the Court permit Plaintiff to name RTLR as a defendant, as there are no new causes of action, RTLR's employee was represented by Prometric's counsel at the February deposition (who will presumably cooperate with any new counsel), and additional discovery should be minimal.

### II.   ARGUMENT

**A. The Timing of Plaintiff's Motion Does Not Warrant Denial of Leave to Amend.**

By itself, undue delay is insufficient to justify denying a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)). There must be in

addition to undue delay, a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment. *Bowles*, 198 F.3d at 757-58 (citing *DCD Programs,* 833 F.2d at 186–87 and *Howey v. United States,* 481 F.2d 1187, 1191 (9th Cir.1973)).

While Plaintiff concedes that this motion was delayed, Plaintiff's approach to discovery has been reasonable and within the Court's timelines. Following the scheduling conference in this matter in October 2015, the parties participated in mediation on November 20, 2015. Declaration of Christopher H. Knauf (hereafter "Knauf Decl."), ¶ 3. Plaintiff in good faith attempted to negotiate an early settlement of this matter and delayed propounding discovery and driving up litigation costs in the interim. *Id.*

After the attempted early resolution of the case, Plaintiff got underway with discovery. In early 2016 Plaintiff cooperated with defense counsel to produce a witness in a deposition noticed by Defendant Prometric, which took place in January 15, 2016. *Id.* at ¶ 4. At that time Plaintiff noticed its own deposition of Prometric's test proctor, Shelli Andrews, for February 12, 2016. *Id.* Thereafter the parties noticed subsequent depositions and have propounded written discovery. *Id.* The parties have cooperated at all times, with delays due only to scheduling conflicts. *Id.*

Although the parties' written discovery was propounded on the later side of the discovery period, Plaintiff has done nothing inappropriate or uncommon and has not intentionally delayed other than to permit a meaningful settlement discussion. Defendants may complain that Plaintiff lacked diligence, but Plaintiff has propounded all written discovery, disclosed expert witnesses, and noticed depositions all within the timeframe before the discovery cut off. Should this court grant leave to name RTLR as a defendant, Plaintiff will require minimal further

discovery of RTLR and the parties will not be prejudiced in bringing their dispositive motions by the August deadline.

Although Defendants protest that Plaintiff's delay in bringing this motion is "unjustified" and "inexcusable," this is simply not the legal standard to deny a motion to amend. While Plaintiff regrets being unable to bring this motion more timely, the delay was not purposeful but rather was caused by other discovery in the case and necessary discussions with Plaintiff whose schedule as a medical resident is a challenging one. Knauf Decl. ¶ 6. Defendants have failed to demonstrate any credible bad faith motive by Plaintiff.

**B. Defendants Fail to Articulate Any Credible Specter of Prejudice.**

The present case is unlike those where courts have properly denied leave to amend when the motion was made close to the end of discovery, where plaintiffs sought to *add completely new causes of action* which would prejudice existing defendants by requiring considerable further discovery to address the new elements and defenses and, thus, delaying the proceedings. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (leave to amend was properly denied where the motion to amend to *add two new causes of action*, which would require further discovery, was filed only five days before discovery cut-off and less than three months before trial was to commence); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denial of leave to amend to *add cause of action and new domain-name registrants*, which would require discovery on each new registrant, and there was no explanation for delay where the motion came several months after the stipulated deadline although the amendment did not rely on facts unavailable before the stipulated deadline, and in fact the party seeking to amend had been considering the amendment three months before the deadline); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138-39 (9th

Cir. 1998)(denying of leave to amend where plaintiff sought to *add a new cause of action* on the eve of discovery)[1].

In contrast, here, Plaintiff only seeks to name RTLR as an additional defendant to the existing causes of action. Plaintiff does not seek to add any new causes of action and there is a complete overlap of the facts at issue with the addition of RTLR, thus additional discovery required would be limited. Although RTLR was unknown to Plaintiff at the outset, it was directly involved in the incidents at issue and Prometric's management was aware of this fact. Sawicki Decl.; Knauf Decl., ¶¶ 7,8.

As such, Defendant faces no credible threat of prejudice by the addition of RTLR as a defendant – in fact Prometric's counsel represented RTLR's employee at her deposition. At worst Defendants would face some additional litigation cost regarding additional discovery with RTLR. However, as other circuits have noted, an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Dennis v. Dillard Dep't Stores, Inc.,* 207 F.3d 523, 526 (8th Cir. 2000); *United States v. Continental Ill. Nat'l Bank & Trust Co.,* 889 F.2d 1248, 1255 (2d Cir.1989).

Defendants fail to demonstrate how this late amendment prejudices Defendant, other than glib allegations of it "enabling Plaintiff to engage in additional discovery" and "jeopardizing Defendant's scheduled depositions and Defendant's contemplated Motion for Summary Judgment." These allegations are patently unfounded, as Plaintiff hereby submits to the court's discretion to limit the

---

[1] Further, in *Solomon*, the new cause of action plaintiff sought to add was based on new legislation which the court found was not applicable to plaintiff's case since plaintiff's injuries predated the legislation and the new legislation was not retroactive. 151 F.3d at 1138-39. In short, this amendment appeared futile.

scope of any additional discovery as it sees fit should RTLR be named as a defendant in this matter.

In addition, Plaintiff contends that the motion cut off date of August 29, 2016 scheduled in this matter permits ample time for a limited discovery period before the deadline to file motions on August 1, 2016. Plaintiff has already deposed RTLR employee Shelli Andrews and would conduct perhaps one additional deposition beyond those already noticed. Knauf Decl. ¶ 5. Further, while Plaintiff timely noticed the deposition for RTLR employee Casey Andrews on April 26, 2016, Plaintiff has postponed this deposition upon the request of Defendant Prometric pending the outcome of this motion. Should this Court determine that the existing schedule is insufficient time to permit RTLR to engage counsel, answer the complaint, and conduct discovery, Plaintiff contends that his diligent efforts to identify proper defendants and Defendant Prometric's failure to disclose the identity of RTLR until the deposition testimony of Shelli Andrews constitute good cause to permit the modification of the scheduling order under Federal Rule of Civil Procedure 16(b).

Finally, the delay in bringing this motion to amend and any extra litigation costs that may result from this motion practice and the addition of a defendant could have been avoided, had Defendant Prometric properly disclosed the identity of RTLR at the time of its initial disclosure obligations or timely supplemented its disclosures. Knauf Decl., ¶¶ 7, 8. As conceded in the Declaration of Michael Sawicki, Prometric knew of its contractual relationship with RTLR to administer exams on behalf of Prometric at the testing site where Plaintiff's injuries occurred. *Id.* at ¶ 8.  Plaintiff clearly identified in the original complaint filed April 22, 2015 information regarding the incident that was sufficient to identify the test center involved, as evidenced by the fact that Defendant's initial disclosures named

employees Shelli Andrews and Casey Andrews from the test center involved. *Id.* at ¶ 7. However, in its initial disclosures Defendant Prometric failed to correctly identify the correct business name and contact information for these witnesses, listing Prometric after their names and listing Defendant Prometric Inc.'s defense counsel in place of contact information of these witnesses. *Id.; see also* Exhibit A. Plaintiff does not suggest that Defendant purposefully concealed the identity of RTLR, but had Prometric management properly identified its relationship with RTLR and its employees from the outset, Plaintiff would have added the party much earlier in the case. Knauf Decl. ¶ 7.

Plaintiff has not delayed bringing this motion for any improper purpose or litigation advantage whatsoever.  However, there is potential prejudice to Plaintiff should this necessary party not be named a defendant in the case, given that RTLR employees allegedly caused the violations at issue.  Knauf Decl., ¶ 9.

### C. Defendant Prometric's Argument that Amendment is Futile is Completely Without Merit.

Defendant Prometric's contention that there is no basis for liability is meritless. As Shelli Andrews admitted in her deposition, she was directly involved in the incidents at issue and she was employed by RTLR Enterprises Inc., which operates the Anaheim testing center under the "Prometric" name. As seen in the her deposition testimony, her employer RTLR not only operates the facility as a Prometric test center, but also participates in the supervision and training of its employees, including at least one employee involved in the incident giving rise to the instant litigation. Knauf Decl., ¶ 9*; see also* Exhibit B. This provides more than sufficient basis to establish a cognizable theory of liability against RTLR for the purposes of pleading.

### III. CONCLUSION

For the foregoing reasons and given the express language of Rule 15(a)(2) and Rule 21 of the Federal Rules of Civil Procedure, Plaintiff respectfully request the Court grant leave to file his Second Amended Complaint.

Dated: May 23, 2016

KNAUF ASSOCIATES
LAW OFFICE OF SHAWNA L. PARKS

*/s/ Christopher H. Knauf*

_____
By:  Christopher H. Knauf
Attorneys for Plaintiff