Christopher H. Knauf, State Bar No. 185180
  ck@goodlaw.biz
Alexandra M. Robertson, State Bar No. 298637
  alex@goodlaw.biz
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 320
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263

Shawna L. Parks, State Bar No. 208301
sparks@parks-law-office.com
LAW OFFICE OF SHAWNA L. PARKS
4470 W. Sunset Blvd.
Suite 107, #347
Los Angeles, California 90027
Tel: (323) 389-9239; Fax: (323) 389-9239

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETRIE, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PROMETRIC INC., a Delaware corporation; NATIONAL BOARD MEDICAL EXAMINERS, a District of Columbia non-profit corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 8:15-cv-00798-DOC-JC<br><br>DECLARATION OF CHRISTOPHER KNAUF IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF THE MOTION FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE DOE DEFENDANT FOR RTLR ENTERPRISES INC. [F.R.C.P. 26(a)(2) & 21]<br><br>DATE:　June 6, 2016<br>TIME:　8:30 a.m.<br>PLACE:　Room 9D, Santa Ana<br><br>Pre-Trial: September 13, 2016<br>Trial:　　September 27, 2016 |

-1-
DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## DECLARATION OF CHRISTOPHER H. KNAUF

1. I, Christopher H. Knauf, declare that I am an attorney duly licensed to practice law in the State of California and before this Court. I have personal knowledge of the facts herein, and if called as a witness would competently testify to those facts.

2. I am the lead attorney for Plaintiff Brian Petrie in the matter of *Petrie v. Prometric Inc., et al.,* designated as United States District Court case number 8:15-cv-00798-DOC-JC.

3. The parties participated in mediation on November 20, 2016 in an early attempt to resolve this matter. Plaintiff in good faith attempted to negotiate an early settlement of this matter and delayed propounding discovery in order to avoid litigation costs in the interim, which would have been unnecessary had the case settled at that early time.

4. Following early settlement efforts, the parties initiated depositions and issued written discovery; the parties are in the midst of completing discovery. Plaintiff timely made expert disclosures on April 1, 2016 to permit sufficient time for rebuttal to complete expert discovery pursuant to this Court's scheduling order requiring the completion of expert disclosure by the discovery cut off date of May 31, 2016. Plaintiff timely propounded all written discovery on April 15, 2016 pursuant to this Court's scheduling order requiring written discovery be served 45 days prior to the discovery cut off date of May 31, 2016. Plaintiff has timely noticed all depositions, including that of Shelli Andrews on February 12, 2015. Plaintiff also acquiesced to Defendant Prometric Inc. ("Prometric") to postpone the deposition of Casey Andrews pending the outcome of this motion, in the event Plaintiff's motion is granted to name RTLR Enterprises Inc. ("RTLR") as a defendant and RTLR wishes to engage its own counsel.

5.  Should the instant motion be granted, Plaintiff would perhaps conduct one additional deposition beyond those already noticed.  Other than one additional deposition, Plaintiff has already propounded all deposition notices needed to prosecute the case against RTLR. Although timely noticed for before the discovery cut off date, Plaintiff has agreed to permit depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) proceed in June in order to accommodate Defendants' schedules. Plaintiff cooperated with defense counsel to produce deponent David Petrie on January 15, 2016, and is cooperating to produce Plaintiff Dr. Brian Petrie to be deposed pending the resolution of the instant motion upon agreement of the parties.

6.  On February 12, 2016, in the course of Plaintiff taking the deposition of Defendant Prometric's personnel involved in the incident at issue, Plaintiff first learned that the test center where the incidents occurred is owned or operated by RTLR Enterprises Inc., and that RTLR was the employer of the personnel involved in the alleged incidents.  After the February 12, 2016 deposition, Plaintiff and his counsel were in the process of completing discovery and working with the client regarding various matters, which took time due to Plaintiff's busy schedule as a medical resident, such that bringing this motion was delayed.

7.  Although Defendant Prometric had sufficient information to identify that RTLR was the owner and operator of the test center at issue and employer of the personnel involved based on the information Plaintiff included in the original complaint filed on April 22, 2015, at no point did Prometric disclose the identity or existence of RTLR Enterprises Inc. through initial disclosures, supplemental disclosures, nor any other filing, until Plaintiff discovered this information during the February 12, 2016 deposition. Prometric's initial disclosures incorrectly identified the business information for RTLR employees Shelli Andrews and

Casey Andrews as "Prometric" and to be contacted through Prometric's counsel. Attached as "Exhibit A" is a complete and accurate copy of relevant pages from Defendant Prometric's Initial Disclosures regarding the witness information listed for Shelli Andrews and Casey Andrews. Had Prometric properly identified its relationship with RTLR and its employees Shelli and Casey Andrews from the outset, then Plaintiff would have sought to add the party much earlier in the case.

8. As conceded by Prometric's Senior Vice President and General Counsel, Michael P. Sawicki, Esq., in his Declaration in support of Defendant Prometric's Opposition to this Motion, Prometric has been aware of the existing Operating Agreement for RTLR Enterprises to administer examinations on behalf of Prometric. As such, I am informed and believe Defendant Prometric has been aware of RTLR's involvement throughout the instant case.  In an effort to ensure that Plaintiff's claims are properly and fully adjudicated or otherwise resolved in a single action, Plaintiff seeks to substitute the additional necessary party identified during discovery in place of a fictitiously named Doe Defendant.

9. Based on information from the deposition of Shelli Andrews on February 12, 2016, I believe that RTLR Enterprises Inc. is not just an owner and employer involved in these incidents, but also involved in the supervision and training of the personnel involved in the incidents. Attached as "Exhibit B" is a complete an accurate copy of relevant excerpts from the deposition transcript of Shelli Andrews from the February 12, 2016 deposition.

/ / /
/ / /
/ / /
/ / /
/ / /

1  I declare under penalty of perjury under the laws of the State of California
2  and the United States of America that the foregoing is true and correct. Executed
3  on May 23, 16, in Santa Monica, California.

_____
Christopher H. Knauf

-5-
DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT