**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0798-DOC (JCx)                                    Date: May 24, 2016

Title: BRIAN PETRIE V. PROMETRIC INC, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                                          None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO SUBSTITUTE RTLR ENTERPRISES INC. FOR DOE DEFENDANT [45]**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint to Substitute RTLR Enterprises Inc. for Doe Defendant ("Motion") (Dkt. 45). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court hereby DENIES the Motion.

**I.    Background**

Brian Petrie ("Petrie" or "Plaintiff") initiated this action against Defendants Prometric Inc. ("Prometric") and National Board of Medical Examiners ("NBME") (collectively, "Defendants") on May 22, 2015 (Dkt. 1). This lawsuit arises from Defendants' alleged failure to provide reasonable testing accommodations during medical board examinations for Petrie, who has a learning disability. *See* First Amended Complaint ("FAC") (Dkt. 38) ¶ 3. Plaintiff specifically alleges (1) violations the Americans with Disabilities Act, (2) violations Unruh Civil Rights Act, (3) negligence,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0798-DOC (JCx)                                                Date: May 24, 2016
                                                                                                                                                                 Page 2

(4) negligent supervision, and (5) intentional infliction of emotional distress. *See generally id*.

On October 8, 2015, the Court issued a Scheduling Order (Dkt. 23). The Scheduling Order states, "[a]ll motions . . . to amend the pleadings shall be filed and served within sixty (60) days of the date of this Order and noticed for hearing within ninety (90) days of this Order." *Id.*

On May 3, 2015, Plaintiff filed the instant Motion, seeking leave to file a Second Amended Complaint. Plaintiff specifically seeks to substitute RTLR Enterprises Inc. ("RTLR") in place of a Doe Defendant. Mot. at 3. Plaintiff's Counsel states he first learned of RTLR's role in the alleged incidents during a deposition held on February 12, 2016. *Id.* at 5. He adds he did not request amendment earlier because of "administrative and litigation delays related to this and other pending litigation." Declaration of Christopher H. Knauf ("Knauf Decl.") (Dkt. 45-1) ¶ 8.

Defendant National Board of Medical Examiners and Defendant Prometric filed separate oppositions to the Motion on May 16, 2016 (Dkts. 49, 50). Plaintiff replied on May 23, 2016 (Dkt. 51).

## II.     Legal Standard

When a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has passed, the liberal standard of Federal Rule of Civil Procedure no longer applies. *Academy of Country Music v. ACM Records, Inc.*, No. CV 13-02448 DPP (RZx), 2014 WL 2586859, at *2 (C.D. Cal. June 10, 2014) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)). Indeed, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established[s] a timetable for amending pleadings[,] that rule's standards control[]."*Johnson*, 975 F.2d at 607–08. Therefore, to amend a pleading after a court issues its scheduling order, the party must first demonstrate good cause to modify the scheduling order under Rule 16(b) and then show amendment is warranted under Rule 15(a). *Id.* at 608

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Id.* "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0798-DOC (JCx)                                                    Date: May 24, 2016
                                                                                                           Page 3

reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* at 609 (internal citation omitted).

The moving party may establish good cause by showing:

> (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order.

*Academy of Country Music*, 2014 WL 2586859, at *2 (quoting *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (internal quotation marks omitted)).

### III. Discussion

As an initial matter, Plaintiff fails to realize the appropriate standard governing his proposed amendment. Plaintiff skips directly to an analysis under Rule 15.[1] However, as Defendant NBME correctly notes, "[g]iven the cut-off of December 7, 2015 for motions to join other parties (including Doe Defendant) or to amend the pleadings . . . Rule 16 of the Federal Rules of Civil Procedures also comes into play." NBME Opp'n at 1 (citations omitted).

Indeed, as noted above, Plaintiff must first demonstrate good cause to modify the scheduling order under Rule 16(b) prior to showing amendment is warranted under Rule 15(a). As an initial matter, the Court notes Plaintiff failed to mention the Rule 16 standard in his Motion.[2]

---

[1] The Court notes that Plaintiff incorrectly jumps to the liberal Rule 15 standard in both his Motion and Reply. *See* Mot. at 3; Reply at 2–3. Plaintiff fails to realize that Rule 16 governs the amendment here. *See Johnson*, 975 F.2d at 608 ("Thus, Johnson's ability to amend his complaint was governed by Rule 16(b), not Rule 15(a).") (citation omitted).

[2] The Court notes Plaintiff does use the phrase "good cause" in his original Motion. Mot. at 3 ("The proposed amended complaint adds RTLR to the action and makes no other substantive changes, such that there is good cause to grant leave to amend."). However, Plaintiff's Counsel makes no mention of Rule 16 and, as noted, fails to establish his diligence in seeking the amendment. The Court notes that Plaintiff does mention Rule 16(b) in his Reply. *See* Reply at 6. However, the Court declines to consider arguments raised for the first time in a reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0798-DOC (JCx)                                                          Date: May 24, 2016
                                                                                                             Page 4

       The touchstone of the Rule 16 good cause analysis is diligence. Based on the Court's review of the present record, Plaintiff's Counsel has not demonstrated diligence in seeking to add RTLR as a defendant in this case. As Defendant Prometric argues, the "existence of Shelli Andrews, the employee of the proposed Doe Defendant, RTLR Enterprises, Inc. [] has been known to Plaintiff since the date of Plaintiff's alleged injury, May 25, 2013." Prometric Opp'n at 2. According to Prometric, Ms. Andrews' identity was also disclosed in Prometric's September 28, 2015 Initial Disclosures. *Id.*[3] Most importantly, Plaintiff's counsel himself acknowledges he learned of RTLR's existence during a deposition of February 12, 2016. Mot. at 5. Yet despite learning of RTLR's identity in February, Plaintiff waited over two-and-a-half months to file the instant Motion. Plaintiff's Counsel states he did not file the Motion earlier because of "administrative and litigation delays related to this and other pending litigation." Knauf Decl. ¶ 8.[4] The Court does not find this vague statement sufficient to establish Plaintiff's Counsel diligence in seeking amendment; indeed, even in his Reply, Plaintiff's Counsel never offers an adequate explanation of why he waited to file the instant Motion. Thus, the Court concludes Plaintiff's Counsel was not "diligent in seeking amendment of the Rule 16 order, once it became apparent that [he] [] could not comply with the order." *Academy of Country Music*, 2014 WL 2586859, at *2 (quotation omitted).

       Because the Court finds Plaintiff's Counsel was not diligent in seeking amendment, the Court need not consider additional factors. *Johnson*, 975 F.3d at 609 ("If that party was not diligent, the inquiry should end."). The Court does note, however, that adding RTLR at this late stage would prejudice both RTRL and the existing Defendants. Specifically, the addition of RTLR would lead to additional discovery, jeopardize the discovery plan currently in place between Plaintiff and Defendants, and ultimately, delay the resolution of this case. *See* Prometric Opp'n at 4–6. In addition to Plaintiff counsel's lack of diligence, this potential prejudice furthers counsels against granting leave to amend here.

---

first time in a reply brief."). In any event, Plaintiff's argument still misses the mark. He contends "that his diligent efforts to identify proper defendants and Defendant Prometric's failure to disclose the identity of RTLR until the deposition of Shelli Andrews constitute good cause to permit the modification of the scheduling order under Federal Rule of Civil Procedure 16(b)." Reply at 6. Thus, Plaintiff cites to Rule 16 in discussing possible modification of the Motion Cut-Off date; he fails to realize the "ability to amend his complaint [is] governed by Rule 16(b), not Rule 15(a)." *Johnson*, 975 F.2d at 608 (citation omitted).

[3] Prometric also notes "Plaintiff did not propound any discovery on Prometric until April 15, 2016." Prometric Opp'n at 5 (citation omitted). Plaintiff's delay in propounding discovery – which could have also revealed RTLR's identity much earlier – further counsels against finding Plaintiff's counsel acted diligently in this case.

[4] In his Reply, Plaintiff highlights "that his diligent efforts to identify proper defendants and Defendant Prometric's failure to disclose the identity of RTRL until the deposition testimony of Sheli Andrews." Reply at 6. The Court disagrees. Plaintiffs' Counsel never offers an adequate explanation of why after learning RTLR's identity in mid-February, he waited until early May to file the instant Motion. And while Plaintiff attempts to shift the blame to Prometric, it was his responsibility to be diligent in investigating the proper defendants and seeking amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0798-DOC (JCx)             Date: May 24, 2016
            Page 5

### IV. Disposition

For the foregoing reasons, the Court DENIES the Motion.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: djg

MINUTES FORM 11
CIVIL-GEN